## COMMONWEALTH *vs.* JAMES WHOOLEY.

Suffolk. December 8, 1994. - February 7, 1995.

Present: ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, Probation, Revocation of probation, Dismissal. *Constitutional Law*, Speedy trial. *Due Process of Law*, Hearing, Probation revocation.

Rule 36 of the Massachusetts Rules of Criminal Procedure applies specifically and exclusively to the speedy trial of original criminal charges and the automatic dismissal provision does not apply to a probation revocation proceeding; further, G. L. c. 279, § 3, does not require automatic dismissal of an outstanding probation matter if no disposition is made within the time stated in the statute unless the defendant demonstrates prejudice. [423-424]

An incarcerated defendant who received a probation revocation hearing ten months after a default warrant in the matter had issued against him did not demonstrate that the Commonwealth intentionally delayed the revocation hearing or that he was prejudiced by the Commonwealth's failure to conduct the hearing within the time specified in G. L. c. 279, § 3, and his motion for release from unlawful restraint pursuant to Mass. R. Crim. P. 30 (a), brought on the ground of violation of his due process rights, was correctly denied. [424-425]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on January 3, 1992.

A proceeding for revocation of probation was heard by *James W. Dolan*, J., and a motion for release from unlawful restraint was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Anthony Sciaraffa* (*Kathleen M. Cawley* with him) for the defendant.

*Jane Woodbury*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant appeals from the denial of his motion for release from unlawful restraint. We transferred the case here on our own motion and now affirm.

On January 3, 1992, the Dorchester Division of the District Court department issued a complaint against the defendant for receiving a stolen motor vehicle in violation of G. L. c. 266, § 28 (1992 ed.), and for possessing an instrument to administer a controlled substance in violation of G. L. c. 94C, § 27 (1992 ed.). On May 6, 1992, following a bench trial, the defendant was found guilty on both counts. The judge ordered the defendant to pay restitution, imposed a one-year suspended sentence, and apparently placed the defendant on probation. Approximately two months later, a default warrant was issued against the defendant.[1]

While incarcerated at the Plymouth County house of correction on an unrelated matter,[2] the defendant moved for the speedy disposition of the default warrant issued against him. This motion, which was described on the docket as a motion to remove the default, was scheduled for hearing on September 30, 1992. The default warrant previously issued against the defendant was "lodged" at the Plymouth County house of correction. The date for the defendant's hearing was rescheduled to March 31, 1993. The defendant filed a motion to dismiss for failure to provide a speedy "trial," dated March 15, 1993. On March 31, 1993, that motion was denied.

On May 24, 1993, the judge conducted a probation revocation hearing and found the defendant to be in violation of the terms of his probation agreement. The judge then revoked the defendant's suspended sentence and imposed a one-year committed sentence to the house of correction. The defendant filed a motion pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), for release from unlawful re-

---

[1]The record does not disclose why a default warrant was issued against the defendant.

[2]The record does not indicate when this period of incarceration commenced.

straint. After that motion was denied, the defendant filed a timely notice of appeal.

General Laws c. 279, § 3 (1992 ed.), provides that a prisoner, against whom a default warrant issues and who makes application for disposition of such warrant, shall be granted such disposition within six months.[3] The defendant contends that, if the statutory six-month period is not adhered to, the charges must be automatically dismissed in accordance with Mass. R. Crim. P. 36 (b), 378 Mass. 909 (1979).[4] Therefore, the defendant argues that the one-year committed sentence should be vacated and his probation terminated because his probation revocation hearing did not occur within the six-month window set forth within G. L. c. 279, § 3. We disagree. Rule 36 does not apply to probation revocation hearings or related proceedings as the defendant suggests. Instead, that rule applies specifically and exclusively to the speedy trial of original criminal charges. Neither does the language of G. L. c. 279, § 3, suggest that it should be read in conjunction with rule 36, and we see no reason to apply the automatic dismissal provision contained within rule 36 to the defendant's case. Therefore, we hold that, even if an incarcerated defendant properly requests a speedy disposition of an outstanding probation matter pursuant to G. L. c. 279,

---

[3]General Laws c. 279, § 3 (1992 ed.), states in pertinent part: "If a warrant has been issued by the court for the arrest of such a person and he is a prisoner in any correctional institution, jail or house of correction . . . such prisoner [shall be notified] that he has the right to apply to the court for prompt disposition thereof. . . . Any such prisoner shall, within six months after such application is received by the court, be brought into court for sentencing or other lawful disposition of his case as hereinbefore provided."

[4]Rule 36 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 909 (1979), was adopted in 1979 to replace G. L. c. 277, § 72A, repealed by St. 1979, c. 344, § 42, which had provided for the speedy disposition of untried criminal indictments filed against any prisoner then incarcerated in the Commonwealth. Although G. L. c. 277, § 72A, contained discretionary language regarding the dismissal of charges for want of a speedy trial, rule 36 created a right of dismissal for failure to comply with the clear standards established within the rule. See Reporters' Notes to Mass. R. Crim. P. 36, Mass. Ann. Laws, Rules of Criminal Procedure, at 524 (Law. Co-op. 1979).

§ 3, that statute does not require, in the absence of prejudice, automatic dismissal, if such disposition does not occur within the six-month period set forth in the statute.

The defendant also contends that his due process rights were violated when he did not receive a hearing within the time specified in G. L. c. 279, § 3. We disagree. We recognize that a person whose probation is subject to revocation is entitled to a revocation hearing. See *Gagnon* v. *Scarpelli*, 411 U.S. 778, 782 (1973); *Commonwealth* v. *Durling*, 407 Mass. 108, 112 (1990). However, the defendant in this case has not demonstrated that the Commonwealth intentionally delayed the revocation hearing or that he suffered any prejudice as a result of the delay. See *Commonwealth* v. *Odoardi*, 397 Mass. 28, 36-37 (1986) (holding defendant did not demonstrate that Commonwealth failed to act diligently in commencing revocation hearing or that defendant prejudiced by delay).[5] The defendant received a probation revocation hearing ten months from the date the default warrant was issued against him. At that hearing, the judge found the defendant to be in violation of the terms of his probation agreement. As a result, the judge revoked the defendant's probation, and reimposed the one-year sentence. At that time, the defendant already was incarcerated on an unrelated matter. The defendant had no right to serve his reimposed sentence concurrently with the sentence that he was then serving. *Commonwealth* v. *Collins*, 31 Mass. App. Ct. 679, 684 (1991), citing *Moody* v. *Daggett*, 429 U.S. 78, 88 (1976). Without a judge's order to the contrary, the defendant had to serve his unrelated sentence before the reimposed

---

[5]This court has stated that a judge has the power to extend or to revoke a person's probation if done so within a reasonable time after the expiration of the original probationary period. *Commonwealth* v. *Sawicki*, 369 Mass. 377, 384-385 (1975). What constitutes a reasonable time is to be determined on a case-by-case basis. *Id.* at 385. However, in the instant case, the defendant's original probationary period had not expired. Therefore, although *Sawicki* is not relevant to the facts of the instant case, it is evidence of the extensive discretion afforded to judges when handling probationary matters similar to the matter that the court is confronted with today.

sentence for the violation of his probation would commence. Therefore, the defendant has not shown that he was prejudiced by the Commonwealth's failure to conduct the defendant's revocation hearing within the time specified in G. L. c. 279, § 3.

For the foregoing reasons, the denial of the defendant's motion for release from unlawful restraint is affirmed.

*So ordered.*