*Michael Elbery*, pro se.

LESLIE BURTON *vs.* COMMONWEALTH. July 17, 2000. *Constitutional Law,* Speedy trial. *Practice, Criminal,* Speedy trial. *Due Process of Law,* Delay in commencement of prosecution.

In May, 1990, the petitioner, Leslie Burton, was arrested and arraigned for the February, 1990, shooting death of Robert Townsend. However, because the Commonwealth's witnesses refused to cooperate, the complaint was dismissed in June, 1990.

In January, 1996, one of the witnesses to the 1990 homicide was charged with an unrelated offense and entered into a plea agreement in which he implicated Burton in the homicide. Consequently, in June, 1997, Burton was charged with murder in the first degree for the 1990 homicide. Arguing that his rights to a speedy trial and due process of law had been violated, Burton moved to dismiss the indictment. After a judge in the Superior Court denied the motion, Burton filed in the county court a petition under G. L. c. 211, § 3, claiming that the Commonwealth's delay in prosecuting him had prejudiced his ability to defend himself against the charges, in violation of his right to a speedy trial and due process of law. A single justice denied the petition, and the petitioner appeals to the full court.[1]

Burton contends that the single justice erred in refusing to dismiss the indictment. Because we find no clear error of law or abuse of discretion by the single justice, we affirm the judgment. See *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't,* 418 Mass. 153, 156 (1994) ("It is well settled that this court will not reverse an order of a single justice in the absence of an abuse of discretion or clear error of law").

Burton's claim that the delay in prosecuting him for the 1990 homicide violated his right under the Sixth Amendment to the United States Constitution to a speedy trial is without merit. While his right to a speedy trial attached in May, 1990, when he was arrested and arraigned for murder, *United*

---

[1]We are satisfied, as was the single justice, that because the petitioner's claim is similar to a double jeopardy claim, it is appropriately addressed on the merits pursuant to G. L. c. 211, § 3. Cf. *Jackson* v. *Commonwealth*, 430 Mass. 260, 260-261 (1999), cert. denied, 528 U.S. 1194 (2000); *Ventresco* v. *Commonwealth*, 409 Mass. 82, 85 (1991).

*States* v. *Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993), cert. denied, 511 U.S. 1086 (1994), citing *United States* v. *MacDonald*, 456 U.S. 1, 6-7 (1982), because the Sixth Amendment speedy trial clause "has no application after the Government, acting in good faith, formally drops charges," there has been no violation of Burton's Sixth Amendment rights. *United States* v. *MacDonald, supra* at 7. Once the Commonwealth formally dismissed the charges against Burton, "[a]ny undue delay . . . must be scrutinized under the Due Process Clause, not the Speedy Trial Clause." *Id.*[2]

The single justice correctly concluded that our decision in *Commonwealth* v. *Imbruglia*, 377 Mass. 682 (1979), controls. Under this analysis, Burton must show (1) that he "has suffered actual prejudice due to the delay"; and (2) that the delay was "intentionally undertaken to gain a tactical advantage over the accused or has been incurred in reckless disregard of known risks to the putative defendant's ability to mount a defense." *Id.* at 688, 691. Dismissal is appropriate only where both prongs are satisfied. See *Commonwealth* v. *George*, 430 Mass. 276, 281 (1999); *Commonwealth* v. *Fayerweather*, 406 Mass. 78, 84-87 (1989).

In this case, Burton failed to demonstrate that he suffered any actual prejudice as a result of the delay. In fact, Burton concedes that he has not identified any specific prejudice, and merely claims a general deterioration of his ability to prepare his defense. That is not sufficient. See *Commonwealth* v. *Imbruglia, supra* at 690, citing *United States* v. *Marion*, 404 U.S. 307, 323-324 (1971).

We hold that the single justice did not err or abuse her discretion in denying Burton's petition. Because he has failed to demonstrate any actual prejudice as a result of the delay, Burton is not entitled to a dismissal of the indictment.[3]

*Judgment affirmed.*

*James M. Doyle* for the petitioner.

*Paul B. Linn*, Assistant District Attorney (*David Meier*, Assistant District Attorney, with him) for the Commonwealth.

---

[2]Because we conclude that the Sixth Amendment to the United States Constitution is not implicated, we need not address Burton's claim, properly rejected by the single justice and the Superior Court judge, that *Doggett* v. *United States*, 505 U.S. 647, 651-652 (1992), and the doctrine of "presumptive prejudice," are controlling.

[3]We note that Burton also has failed to demonstrate that the Commonwealth intentionally or recklessly delayed prosecution. It appears that the Commonwealth was unable to prosecute the defendant until some time after January, 1996, when a witness agreed to cooperate. We are persuaded that the Commonwealth acted with reasonable diligence. See *Commonwealth* v. *Fayerweather*, 406 Mass. 78, 86 (1989).