LOUIS KING, JR. *vs.* COMMONWEALTH. November 17, 2004. *Supreme Judicial
Court,* Appeal from order of single justice, Superintendence of inferior courts.
*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Delay in commence-
ment of prosecution.

The petitioner, Louis King, Jr., appeals from the denial of his petition under
G. L. c. 211, § 3, by a single justice of this court. The case is before us pursu-
ant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We affirm.

In 2001, a grand jury returned an indictment against King for murder in the
second degree arising from a shooting that occurred in 1985. King had previ-
ously been indicted on the same charge in 2000. This first indictment was
dismissed on the ground that the integrity of the grand jury proceedings was
impaired by the introduction of misleading testimony. King moved to dismiss
the 2001 indictment on the ground that preindictment delay had violated his

right to due process of law. The motion was denied by a judge in the Superior Court.

A petitioner is not entitled as a matter of right to interlocutory review under G. L. c. 211, § 3, of the denial of a motion to dismiss an indictment. See *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002) ("Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss"). The only exception that this court has recognized is where a petitioner raises a substantial claim that a trial will violate his right against double jeopardy. See, e.g., *Neverson* v. *Commonwealth*, 406 Mass. 174, 175-176 (1989). Relying on a footnote in *Burton* v. *Commonwealth*, 432 Mass. 1008, 1008 n.1 (2000), and on dicta in *Jackson* v. *Commonwealth*, *supra* at 1009, King argues that he is claiming a "right not to be tried at all" that, like the right not to be tried twice for the same offense, cannot be remedied on appeal. This argument is unavailing. As we stated in *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1004 (2001), "the fact that the single justice [in the *Burton* case] chose to [address the merits] in that instance does not compel us to decide that the single justice should have done so in this case, or must do so in every instance."

Further, we are not persuaded by his claim that a trial after preindictment delay is similar to a trial in violation of double jeopardy principles. "The constitutional prohibition against double jeopardy rests on the belief that 'the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' " *Costarelli* v. *Commonwealth*, 374 Mass. 677, 681 (1978), quoting *Green* v. *United States*, 355 U.S. 184, 187-188 (1957). Accordingly, the "guaranty against being twice exposed to the risk of conviction, regardless of whether conviction actually results, would be seriously weakened if appellate review of a claim of double jeopardy were delayed until after a second trial." *Costarelli* v. *Commonwealth*, *supra* at 680. In contrast, "[i]t is protection of [the defendant's ability to mount a defense] which we view as the primary purpose of preindictment due process analysis." *Commonwealth* v. *Imbruglia*, 377 Mass. 682, 691 (1979). If King is convicted, and if he is able to meet the exacting standards to establish unconstitutional preindictment delay, any prejudice to his ability to defend himself can be remedied on appeal by an order that the indictment be dismissed. See *Commonwealth* v. *George*, 430 Mass. 276, 281-282 (1999), quoting *Commonwealth* v. *Fayerweather*, 406 Mass. 78, 87 (1989) ("intentional or reckless delay by the government" and " 'severe prejudice' needed to justify the 'drastic remedy' of dismissal").

The petitioner has not "set forth the reasons why review of the trial court decision cannot adequately be obtained" by this means. S.J.C. Rule 2:21 (2). Accordingly, the petitioner has not sustained his burden under rule 2:21.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*James M. Doyle* for the plaintiff.