## COMMONWEALTH *vs.* REGINALD BUTLER.

No. 05-P-1123.

Suffolk. May 16, 2006. - April 13, 2007.

Present: PERRETTA, DREBEN, & VUONO, JJ.

*Practice, Criminal,* Delay in commencement of prosecution, Dismissal. *Constitutional Law,* Delay in commencement of prosecution. *Rules of Criminal Procedure.*

A Superior Court judge properly denied a criminal defendant's motion to dismiss charges based on a violation of Mass.R.Crim.P. 36, where, correctly viewed, the delay chargeable to the Commonwealth from the applicable return date to the commencement of trial amounted to less than one year, even including a thirty-day period between the defendant's arraignment on a previous District Court complaint and its dismissal [661-665]; moreover, even if the ten and one-half years' delay from the issuance of the original complaint until the commencement of trial were attributable to actions of the prosecutor, the defendant was not prejudiced by the delay, where his inability to present a motion to dismiss on speedy trial grounds due to the failure to arraign him in District Court in a timely fashion did not evince substantial prejudice [665], where there was no merit to his claim of an inability to negotiate a plea agreement for the present indictments in conjunction with the previous conviction [665-666], where the effect of the victim's maturation during the delay on her credibility was an issue for the jury [666], and where no prejudice attributable to the delay arose from the judge's correct instructions to the jury [666-667].

INDICTMENT found and returned in the Superior Court Department on March 23, 1999.

A motion to dismiss was considered by *Margaret R. Hinkle,* and the case was tried before *Robert A. Mulligan,* J.

*Joseph J. Mazza* for the defendant.

*Joseph M. Ditkoff,* Assistant District Attorney (*Joshua Wall,* Assistant District Attorney, & *Benjamin D. Geffen* with him) for the Commonwealth.

PERRETTA, J. In May of 2003, a jury found the defendant guilty of the lesser included crime of rape on indictments charg-

ing him with aggravated rape and burglary committed in 1991.[1] He argues on appeal that it was error to deny his motion to dismiss the charges based on a violation of the provisions of Mass.R.Crim.P. 36, 378 Mass. 909 (1979).[2] Expanding upon the reasons given by the motion judge in concluding that the defendant's claim was without merit, we affirm the defendant's conviction.

1. *Background.* During the early morning hours of September 13, 1991, the victim was asleep on her sofa when a man entered her apartment, raped her, and fled. Three days later, on September 16, 1991, an arrest warrant and criminal complaint charging the defendant with rape and unarmed burglary issued. On May 21, 1992, a warrant on the instant case was lodged against the defendant at the Massachusetts Correctional Institution at Concord, where he was serving a sentence on unrelated charges.

On January 4, 1993, while still incarcerated, the defendant signed a form, which was generated by the Department of Correction (department), requesting a "prompt trial or disposition" on the charges. One digit of the complaint number that was typed on the form, which was sent by the department to the District Court, was incorrect.[3] Although the return receipt in the department's records indicates that the defendant's form request for a speedy trial was received by the District Court, the request for a speedy trial was not entered on the docket of the District Court, and no action was taken on the request.

On June 24, 1997, about three days after the defendant completed his sentence on the unrelated charges, a second warrant for the defendant's arrest on the present charges issued. He was arrested and arraigned in District Court on the second warrant on March 11, 1998. About a month later, on April 10, 1998,

---

[1]The defendant was acquitted of the aggravated rape and burglary charges. A third indictment charging the defendant with one count of burglary and assaulting a lawful occupant was also obtained. At the request of the Commonwealth, this indictment was dismissed on February 17, 2000.

[2]It is important to note that on appeal the defendant does not present any claim that his right to a speedy trial as guaranteed by the State or Federal Constitution was violated.

[3]The number on the form requesting a prompt trial read incorrectly "9113CR3742," rather than "9114CR3742."

the case against the defendant was dismissed because of the Commonwealth's inability to locate the victim. The Commonwealth subsequently renewed contact with the victim and on March 23, 1999, obtained indictments charging the defendant with burglary and aggravated rape. The defendant was arraigned in Superior Court on May 6, 1999.

Over the next several years following the defendant's arraignment, the case was continued numerous times until the commencement of trial on May 5, 2003. In the interim, on or about July 3, 2000, the defendant filed a motion to dismiss the indictments. He argued, and continues to do so on appeal, that, due to the conduct of the prosecuting attorney, the delay in bringing him to trial required dismissal of the indictments pursuant to Mass.R.Crim.P. 36(c),[4] 378 Mass. 912 (1979), and also argued that the preindictment delay violated his right to due process.

After conducting a nonevidentiary hearing, the motion judge, on December 7, 2000, issued a memorandum setting forth her reasons for denying the defendant's request that the indictments be dismissed. As articulated in her memorandum, the motion judge concluded that the defendant was not entitled to relief under rule 36(c) because Mass.R.Crim.P. 36(b), 378 Mass. 909 (1979), which establishes the standards of a speedy trial, provides that only those events occurring after the defendant's arraignment in Superior Court (which occurred on May 6, 1999) are cognizable. She also ruled that constitutional guarantees to a speedy trial did not apply to the period of delay related to the District Court complaint because the complaint was dismissed and the defendant was subsequently indicted. The motion judge further concluded that the defendant was not entitled to relief from preindictment delay because he had failed to demonstrate

---

[4]Rule 36(c) of the Massachusetts Rules of Criminal Procedure provides:

"Notwithstanding the fact that a defendant is not entitled to a dismissal under subdivision (b) of this rule, a defendant shall upon motion be entitled to a dismissal where the judge after an examination and consideration of all attendant circumstances determines that: (1) the conduct of the prosecuting attorney in bringing the defendant to trial has been unreasonably lacking in diligence and (2) this conduct on the part of the prosecuting attorney has resulted in prejudice to the defendant."

the prejudice necessary to obtain such relief.[5]

2. *Discussion.* Because the motion judge decided the motion without taking any testimony and instead relied on the docket and other documentation submitted by the parties, all of which we have before us, "we are in as good a position as the judge below to decide whether the time limits imposed by [rule 36] have run." *Barry* v. *Commonwealth,* 390 Mass. 285, 289 (1983). Therefore, "while we will give deference to the determination made by the judge below, we may reach our own conclusions." *Id.* at 290. See *Commonwealth* v. *Vasquez,* 55 Mass. App. Ct. 523, 526-527 (2002).

On appeal, the defendant first argues that because the one-year time limit set out in rule 36(b) expired while the District Court complaint against him was pending, the subsequently filed indictments should have been dismissed. His argument on this point focuses exclusively on the period of time that the charges against him were pending in the District Court. The defendant explicitly excludes from his argument the period during which the indictments were pending in the Superior Court, that is, the period from May 6, 1999, the date of his arraignment, to May 5, 2003, the date upon which his trial began.

The defendant apparently relies on Mass.R.Crim.P. 36(b)(1)(C), 378 Mass. 910 (1979), which mandates that a defendant be put to trial "within twelve months after the return day in the court in which the case is awaiting trial." The term "return day," as defined in Mass.R.Crim.P. 2(b)(15), 378 Mass. 846 (1979), "means the day upon which a defendant is ordered by summons to first appear or, if under arrest, does first appear before a court to answer to the charges against him, whichever is earlier." See *Barry* v. *Commonwealth, supra* at 291; *Commonwealth* v. *Dias,* 405 Mass. 131, 138 (1989).

In the present case, an arrest warrant, rather than a summons, was issued to secure the defendant's appearance in District

---

[5]We again stress that on appeal, the defendant has not couched his argument in terms of the denial of his right to due process under the State or Federal Constitution, see note 2, *supra,* and makes no argument concerning "presumptive prejudice." See *Doggett* v. *United States,* 505 U.S. 647, 655-656 (1992). Consequently, we do not consider that question. See *Burton* v. *Commonwealth,* 432 Mass. 1008, 1009 & n.2 (2000).

Court. Consequently, the applicable return day is March 11, 1998, the date the defendant first appeared in District Court to answer to the charges set out in the complaint against him. However, that complaint was dismissed on April 10, 1998, about thirty days later. A thirty-day delay is not sufficient to trigger the right to a dismissal pursuant to rule 36(b)(1).

Apparently recognizing that the plain language of rule 36(b) does not include the six and one-half year period during which the complaint was pending before he appeared in the District Court, the defendant argues that an earlier return day was mandated by G. L. c. 279, § 3. That statute requires that any probationer against whom a warrant is lodged by his or her probation officer is entitled to request a speedy disposition of the allegation, and that the probationer must then be brought into court within six months of the request. Because the defendant was not a probationer and the warrant that issued for his arrest was not related to any probation violation, the statute is inapplicable.

Seeking to circumvent the inapplicability of G. L. c. 279, § 3, the defendant argues that the statute subsumed the language of G. L. c. 277, § 72A, repealed by St. 1979, c. 344, § 42, which had provided for the speedy disposition of untried criminal complaints or indictments pending against any prisoner then incarcerated in the Commonwealth. General Laws c. 277, § 72A, had also included a six-month time period similar to the one set out in G. L. c. 279, § 3. This argument fails, however, for the reason that G. L. c. 279, § 3, did not subsume the provisions of G. L. c. 277, § 72A. Rather, the provisions of G. L. c. 277, § 72A, were replaced by rule 36. See *Commonwealth v. Whooley*, 419 Mass. 421, 423 & n.4 (1995).[6] Moreover, and as the Commonwealth correctly argues, even assuming that the defendant were correct in arguing that G. L. c. 279, § 3, is applicable, which it is not, he is not entitled to an automatic dismissal of the charges against him. Any delay must be

---

[6]Even the notice of the outstanding charges that the defendant received while incarcerated explicitly provided that a speedy disposition of untried charges had to be obtained pursuant to rule 36(b), whereas a speedy disposition of probation matters was to be sought in accordance with the provisions of G. L. c. 279, § 3.

considered in relation to the question whether the delay was intentionally caused by the prosecution and prejudicial to the defendant.

The defendant's claim of prejudicial delay is based on rule 36(c). In *Commonwealth* v. *Sigman*, 41 Mass. App. Ct. 574, 580 (1996), this court stated:

> "The defendant may be entitled to dismissal under this subsection of rule 36 if (1) the prosecutor was not reasonably diligent in bringing the defendant to trial, and (2) the prosecutor's lack of diligence caused prejudice to the defendant."

There is a threshold question to the defendant's rule 36(c) claim: when did the provisions of rule 36(c) become applicable? Although it is not at all clear from the defendant's argument the length of the delay he claims to be cognizable under rule 36(c), we give him a generous benefit of the doubt and assume, without deciding, that the period of delay about which he complains ran from the date of the issuance of the original complaint until the commencement of his trial, that is, a period of about ten years and eight months, excluding the period during which no charges against him were pending. A delay of this length requires scrutiny.[7] See *Commonwealth* v. *Vasquez*, 55 Mass. App. Ct. at 529.

The first prong of rule 36(c) requires an assessment of the prosecutor's conduct to determine whether the prosecutor was "unreasonably lacking in diligence" in bringing the defendant to trial. As stated in the Reporter's Notes to Mass.R.Crim.P. 36, 47 Mass. Gen. Laws Ann., Rules of Criminal Procedure, at 901 (West 2006), "only prosecutorial delay is within the scope of the relief afforded by this subdivision." See *Commonwealth* v. *Sheridan*, 40 Mass. App. Ct. 700, 702-703 & n.4 (1996). Although the Commonwealth concedes negligence concerning its role in the failure to arraign the defendant before March 11,

---

[7]The defendant appears to agree with the motion judge's conclusion that once the District Court complaint was dismissed, the time frame for evaluating his constitutional right to a speedy trial as to that complaint is voided. As already noted, see note 2, *supra*, the defendant does not argue any violation of his constitutional right to a speedy trial on appeal.

1998, we are not convinced that the circumstances before us warrant that concession.[8]

More specifically, after the complaint was filed by the police, the District Court issued an arrest warrant. There is no indication on the record that the prosecutor participated with the police in obtaining the complaint or was apprised of its issuance. On the other hand, the record shows that the defendant received notice of the complaint and the outstanding warrant on or about January 4, 1993, and immediately requested a speedy trial on a form that was prepared by the department with an erroneous complaint number, see note 3, *supra*; the request was transmitted to the District Court; and then somehow the request failed to be placed on that court's docket. There is nothing on the record before us to hint, let alone to show, a connection between the District Court's misplacement of the defendant's papers and any action, direct or otherwise, by the prosecutor. See *Commonwealth* v. *Vasquez*, 55 Mass. App. Ct. at 530 (no per se rule that delay caused by misplacement of court papers always counts against Commonwealth in rule 36 analysis).

These circumstances show that the prosecution was not responsible for the delay in arraigning the defendant in District Court, and that the defendant must bear some of the responsibility because he failed to make any inquiry regarding the status of his request for a speedy trial. See *Commonwealth* v. *Lauria*, 411 Mass. 63, 68-69 (1991) (under rule 36[c], defendants held to have acquiesced in delay by failing to inquire about status of their motions). See also *Commonwealth* v. *Spaulding*, 411 Mass. 503, 505-506 (1992), and cases cited.

After the defendant was arraigned in District Court, there was about a one-month delay before the complaint was dismissed on April 10, 1998. Once the complaint was dismissed, any claim under rule 36 that the defendant might have had at that time was extinguished and did not begin anew until May 6, 1999, the date the defendant was arraigned in Superior Court. The Superior Court docket entries show that from the date of the

---

[8]See *Commonwealth* v. *Williams*, 19 Mass. App. Ct. 915, 916 (1984) ("Confessions of error . . . do not relieve an appellate court of the performance of its appellate functions"); *Commonwealth* v. *McClary*, 33 Mass. App. Ct. 678, 686 n.6 (1992), cert. denied, 510 U.S. 975 (1993).

defendant's arraignment until the commencement of his trial on May 5, 2003, most of the delays were either by agreement of counsel or at the defendant's request. At most, only 310 days of the time between the defendant's arraignment and the commencement of his trial can be charged to the Commonwealth.[9] Even when the thirty days between the defendant's arraignment on the District Court complaint and its dismissal are added to the 310 days of delay in the Superior Court, the total period of delay is still less than a year. Moreover, there is nothing to show that the delay was caused by conduct of the prosecutor that was "unreasonably lacking in diligence." See *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. 368, 374 (1986).

Even were we to conclude that the entire delay was attributable to the actions of the prosecutor, the defendant would nonetheless be required to show under the second clause of rule 36(c) that he was prejudiced by the delay. Relying solely on the second clause of rule 36(c), the defendant asserts that his defense was impaired in four respects. See *Commonwealth* v. *Lanigan*, 419 Mass. 15, 20 (1994) ("The prejudice that is relevant is the impairment of the defendant's case by reason of the delay"). His first assertion is that the failure to arraign him in the District Court in a timely fashion deprived him of the opportunity to present a successful speedy trial claim under rule 36(b). This argument fails for the reason that the inability to present a successful motion to dismiss, particularly one grounded on anticipated missteps of the prosecution or the courts, does not evince the substantial prejudice necessary to sustain the defendant's burden of showing impairment of his defense to the crimes charged. See *Commonwealth* v. *Gove*, 366 Mass. 351, 363-364 (1974).

The second claim of impairment made by the defendant is that the delay deprived him of an opportunity to negotiate a plea agreement pursuant to which any sentence imposed on the present indictments would be served concurrently with his

___

[9]The 310 attributable days consist of twenty-seven days immediately following arraignment, sixteen days due to a different prosecutor being assigned the case, thirty-six days between status reviews, thirty-five days after an administrative review, forty-two days while the trial was rescheduled, and 154 days between a scheduled "Review by Session" not reached by the court and the start of the trial.

sentence on a previous conviction. The defendant's argument does not acknowledge, however, that the trial judge explicitly stated during sentencing that he would take into account the delay in bringing the defendant to trial and that such consideration would "inure to [the defendant's] benefit." The trial judge then imposed a sentence substantially less than that requested by the Commonwealth. The defendant's second claim for relief fails. See *Commonwealth* v. *Imbruglia*, 377 Mass. 682, 690 (1979).

As a third claim of impairment, the defendant argues that because the victim was twelve years older at trial than at the time of the rape, she was mature, a fact that the defendant claims the prosecutor used to the defendant's disadvantage during closing argument. The prosecutor argued that the victim's clear recall of the events twelve years after the incident was proof of her credibility. Although a witness's demeanor and credibility may change with the passage of time, it is well established that those issues are for the jury. While the prosecutor's remarks might have cut against the defense, they do not alone present the kind of prejudice with which speedy trial principles are concerned. See *Commonwealth* v. *Lanigan*, *supra*. Additionally, the evidence that over the years the victim had improved her living conditions and had become engaged in more reputable pastimes were only of marginal benefit to the prosecutor. The jury also heard ample evidence concerning the circumstances of the victim's life at the time of the rape.

In furtherance of his attempt to show that the delay enhanced the victim's credibility, the defendant also asserts that the victim gave purportedly inconsistent accounts as to how her door was broken on the date of the rape, and that the delay permitted the jury to separate the victim's inconsistent testimony about the door from her testimony concerning the rape. This contention is strained at best. Even were we to assume that there was an inconsistency in the victim's testimony, there is nothing before us to show that any such alleged inconsistency was the result of the delay or that it otherwise substantially impaired the defense.

The defendant's fourth and final allegation of prejudice is that the delay permitted the trial judge to instruct the jury on rape, a lesser included offense of aggravated rape, and thereby

allow the jury to arrive at a compromise verdict. His claim, as best we understand it, is that the charge of aggravated rape turned on whether he broke into the victim's apartment through her door or whether, according to a prior statement of the victim, a neighbor had earlier broken down her door. The victim's purportedly inconsistent testimony went to an element of the crimes of burglary and aggravated rape. We discern no prejudice attributable to the delay from the judge's correct instructions to the jury.

To recapitulate, we see nothing in the record before us that suggests that the delay in bringing the defendant to trial precluded him from advancing his best defense. The defendant does not allege any loss of evidence material to his defense by reason of either a failure of memory of any witness, the unavailability of any potential witness, or any other cause of prejudice. See generally *Barker* v. *Wingo*, 407 U.S. 514, 530-533 (1972); *Commonwealth* v. *Willis*, 21 Mass. App. Ct. 963, 964-966 (1986); *Commonwealth* v. *Vasquez*, 55 Mass. App. Ct. at 530-531.

*Judgment affirmed.*