## COMMONWEALTH *vs.* REGINALD BUTLER.

No. 10-P-1076.

Suffolk. February 11, 2011. - July 8, 2011.

Present: CYPHER, SIKORA, & HANLON, JJ.

Further appellate review granted, 460 Mass. 1113 (2011).

*Constitutional Law,* Speedy trial, Delay in commencement of prosecution, Assistance of counsel. *Practice, Criminal,* Speedy trial, Delay in commencement of prosecution, Assistance of counsel.

This court concluded that the criminal defendant was not deprived of his constitutional right to a speedy trial, where, on the facts of the case, the seven years between the issuance of a complaint and its dismissal could not be added to the period from the later issuance of an indictment to trial, given that the Commonwealth did not intentionally cause the delay, the failure to notify the defendant of the earlier complaint could not be held entirely against the Commonwealth, and nothing in the record suggested that the defendant was prejudiced by the delay [754-758]; further, there was no merit to the defendant's claim of a violation of his constitutional right to due process [758].

A Superior Court judge properly denied the criminal defendant's motion for a new trial, brought on the ground that counsel in his first appeal was ineffective in choosing not to argue that the defendant was deprived of his constitutional right to a speedy trial, where counsel made an informed decision to argue what he saw as the stronger point in the defendant's appeal, and that decision did not likely deprive the defendant of an otherwise substantial ground of defense; and where, even were the speedy trial issue eventually to be resolved differently in another case, an ordinary, fallible lawyer could not be faulted for failing to foresee such a ruling. [758-759]

INDICTMENT found and returned in the Superior Court Department on March 23, 1999.

After review by this court, 68 Mass. App. Ct. 658 (2007), a motion for a new trial, filed on June 26, 2008, was heard by *Margaret R. Hinkle,* J.

*Michael J. Fellows* for the defendant.

*Joseph M. Ditkoff,* Assistant District Attorney (*Joshua I. Wall,* Assistant District Attorney, with him) for the Commonwealth.

HANLON, J. The defendant argues that his motion for a new trial was wrongly denied because counsel in his first appeal was ineffective in choosing not to argue that the defendant was deprived of his constitutional right to a speedy trial. See *Commonwealth* v. *Butler*, 68 Mass. App. Ct. 658 (2007).[1] We affirm.

*Background.*[2] On September 16, 1991, a Chelsea police officer sought and obtained a complaint and a warrant in the Chelsea Division of the District Court Department (Chelsea District Court) for the defendant's arrest; the defendant was charged with rape and unarmed burglary, both alleged to have occurred three days earlier. However, the defendant was not arrested or brought to court on these charges until he was arraigned on March 11, 1998. While the warrant was outstanding, the defendant was arrested for and convicted of other offenses in Hampden County, and he began serving a State prison sentence.[3]

On May 19, 1992, the officer sent the warrant to the record bureau at the Massachusetts Correctional Institution at Concord, asking that it be lodged. On December 30, 1992, the defendant was notified of the outstanding warrant, and on January 4, 1993, he signed a form generated by the Department of Correction (department) requesting that the Chelsea District Court provide him with a speedy trial or disposition. According to the findings of the motion judge, the request was never docketed and no action was taken.[4] The defendant was thereafter incarcerated until June 23, 1997, when he was released from custody.[5,6]

---

[1]The defendant's speedy trial arguments under Mass.R.Crim.P. 36 (b) and (c), 378 Mass. 909 (1979), were resolved against him in his first appeal. *Commonwealth* v. *Butler, supra* at 661-667.

[2]The judge who decided the defendant's motion for a new trial was not the trial judge; however, she had heard, and denied, the defendant's first pretrial motion to dismiss on both constitutional and statutory speedy trial grounds. After a hearing on the postappeal motion for a new trial, the same motion judge issued careful and thoughtful findings with which we agree.

[3]On the Hampden County offenses, the defendant was serving a sentence of from nine to ten years for assault and battery by means of a dangerous weapon and a concurrent sentence of from three to five years for killing or injuring domestic animals. At the same time, the defendant was also serving a concurrent sentence of from three to five years for unarmed robbery.

[4]The motion judge noted, "In at least one place on the speedy trial form, the complaint number was erroneously typed as '9113CR3742' rather than the proper number, '9114CR3742.' "

[5]In the interim, the defendant's institutional classification reports, from a

As noted, on March 11, 1998, the defendant was arrested for the first time on the outstanding warrant and arraigned in the Chelsea District Court. Approximately one month later, on April 10, 1998, the case was dismissed without prejudice, because the Commonwealth was unable to locate the victim. Almost a year later, on March 23, 1999, after the Commonwealth did, in fact, find the victim, the defendant was indicted for aggravated rape, burglary and assault in a dwelling (which was later dismissed), and burglary. The defendant was arraigned in Superior Court on May 6, 1999, and his jury trial began on May 5, 2003. On May 9, 2003, he was convicted only of rape, as a lesser included offense of the aggravated rape charge, and was found not guilty on the burglary charge.

The defendant's first appeal to this court focused on what he alleged was a violation of his rights under Mass.R.Crim.P. 36, 378 Mass. 909 (1979). *Commonwealth* v. *Butler, supra* at 659. We found no violation and noted that "the defendant [did] not present any claim that his right to a speedy trial as guaranteed by the State or Federal Constitution was violated." *Id.* at 659 n.2.

At the hearing on his motion for a new trial, heard after his appeal, the defendant submitted an affidavit of his prior appellate counsel, who recounted his advice to the defendant at the time of the first appeal to the effect that the defendant's constitutional speedy trial argument should be abandoned in favor of the rule 36 claim. In counsel's view, both the United States Supreme Court and the Massachusetts Supreme Judicial Court had ruled that "once a case is dismissed, the time prior to dismissal is not counted for purposes of evaluating a claim that

variety of institutions, show the Chelsea warrant outstanding on April 14, 1993, and on August 17, 1993, only. Thereafter, the Chelsea warrant disappeared from the defendant's prison record; each of seven subsequent classification reports (from March 30, 1994, until March 14, 1997), all signed by the defendant, states that there are no outstanding legal issues. Perhaps in explanation, a document dated March, 1994, shows the Chelsea charges crossed out and a handwritten entry indicating "no record on file of these charges wrong person."

[6] The Chelsea District Court docket sheet indicates that the warrant was entered in the warrant management system on June 24, 1997. See G. L. c. 276, § 23A. The defendant had been released from his prison sentence three days earlier, on June 21, 1997. He had been transported to another court on other charges and appears to have been released from custody on June 23, 1997.

the constitutional right to a speedy trial has been violated." He then informed the defendant that, measuring the time in the instant case from indictment to trial, and not counting any time before the indictment, that is, the time that the case was pending in the Chelsea District Court prior to its dismissal, "the pertinent time . . . did not constitute a period sufficient for raising a Sixth Amendment speedy trial argument."[7] The only issue in this appeal is whether the motion judge was correct in ruling that counsel's advice did not constitute ineffective assistance of counsel. The answer requires us to examine first the corollaries of the speedy trial doctrine.

*Discussion.* 1. *Speedy trial.* "The Sixth Amendment [to the United States Constitution] provides that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . .' " *United States* v. *MacDonald,* 456 U.S. 1, 6 (1982).[8] This Sixth Amendment right "does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused . . . . Similarly, the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges. Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause." *Id.* at 6-7. Compare *Commonwealth* v. *Gore, ante* 745 (2011).

In *United States* v. *MacDonald, supra,* the defendant was charged by the Army Criminal Investigation Division with the murders of his wife and two children; the military charges were dismissed after a lengthy hearing. *Id.* at 4-5. The investigation continued and, four years later, the defendant was indicted for the murders in a United States District Court and subsequently convicted. *Id.* at 5-6. The United States Supreme Court held that "[o]nce charges are dismissed, the speedy trial guarantee is

---

[7]The defendant does not challenge this portion of counsel's advice; that is, he does not allege that the time that elapsed from indictment to trial violated his constitutional speedy trial rights.

[8]Citing *Commonwealth* v. *Gove,* 366 Mass. 351, 356 n.6 (1974), the Supreme Judicial Court has recently reiterated that "the speedy trial provision in art. 11 [of the Massachusetts Declaration of Rights] is coextensive with the Sixth Amendment." *Commonwealth* v. *Dixon,* 458 Mass. 446, 459 (2010).

no longer applicable." *Id.* at 8. The defendant's convictions were upheld because the time from his civilian indictment to trial was, by the defendant's agreement, insufficient to trigger speedy trial concerns. *Id.* at 11.

In *United States* v. *Loud Hawk,* 474 U.S. 302 (1986), the United States Supreme Court held that "when no indictment is outstanding, only the '*actual* restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections of the speedy trial provision of the Sixth Amendment' " (emphasis in original). *Id.* at 310, quoting from *United States* v. *Marion,* 404 U.S. 307, 320 (1971). In *Loud Hawk,* the indictments had been dismissed in a United States District Court and the defendants released; the delay occurred while the government appealed the dismissals. *Id.* at 307-309. The United States Supreme Court held that "under the rule of *MacDonald,* when defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause." *Id.* at 312.

The Supreme Judicial Court reached a similar result in *Burton* v. *Commonwealth,* 432 Mass. 1008 (2000), a case not unlike the present case. In *Burton,* the defendant was arrested and arraigned for a shooting death in May, 1990. *Id.* at 1008. The case was dismissed in June, 1990, without prejudice, when the Commonwealth's witnesses refused to cooperate. *Ibid.* Six years later, a witness emerged and the defendant was charged with murder in the first degree. *Ibid.* The court, quoting language from *MacDonald,* held that the Sixth Amendment inquiry ended when the original charges were dismissed. *Burton, supra* at 1009. Thereafter, the delay was appropriately examined only for a violation of the defendant's due process rights. *Ibid.*

In this case, the defendant, pressing the application of the speedy trial clause rather than the due process clause, argues that both *MacDonald* and *Burton* are distinguishable because, in each of those cases, the period in which the charges were first pending was short and not sufficient to trigger speedy trial concerns. Here, the delay between the time that the complaint issued in the Chelsea District Court and the time that it was dismissed was almost seven years — a delay that certainly would have triggered scrutiny had the argument been made

before the case was dismissed on other grounds. See *Doggett* v. *United States*, 505 U.S. 647, 652 (1992).[9]

As the motion judge noted, in a case where charges are dismissed and then brought again at a later time, there is a split in Federal and out-of-State authority as to how the speedy trial calculation should be made.[10] One view, advanced by the Commonwealth and adopted by the motion judge, is that the dismissal stops the speedy trial clock entirely, and that when new charges are brought, the clock is reset and the calculation thereafter is solely from the commencement of the second action. That view is supported by the plain language of both *MacDonald* and *Burton*. The alternative view, urged by the defendant, is that the court should exclude only the time between the dismissal and when the defendant is charged again; that is, all of the time from the first charge until the trial should count, subtracting only the time when no charges were pending. No Massachusetts case since *MacDonald* has made that distinction, and we decline to do so on the facts of this case.[11]

---

[9]In *Doggett*, the United States Supreme Court said, "Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year. . . . [The Court] note[d] that, as the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* [v. *Wingo*] enquiry." *Doggett, supra* at 652 n.1. Once the inquiry is triggered, "a court considers four conjunctive factors: ' "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant" [that] must interact in a "difficult and sensitive balancing process." ' *Commonwealth* v. *Gove*, 366 Mass. 351, 361 (1974), quoting *Barker* v. *Wingo*, 407 U.S. 514, 530, 533 (1972). The burden is on the defendant to demonstrate prejudicial delay sufficient to warrant dismissal. *Commonwealth* v. *Gove, supra.*" *Commonwealth* v. *Dixon*, 458 Mass. 446, 459 n.24 (2010).

[10]Compare, e.g., *United States* v. *Wallace*, 848 F.2d 1464, 1469 (9th Cir. 1988) ("Of course, once Wallace's 1984 indictment was dismissed, since she was not subject to trial, her Sixth Amendment right to a speedy trial had no application to the delay between her initial arrest and the dismissal. Her Sixth Amendment right to a speedy trial reattached upon her rearrest pursuant to the 1986 indictment"); *State* v. *Guerrero*, 110 S.W.3d 155, 159 (Tex. App. 2003) ("The second period to consider is that running from the date of Guerrero's initial indictment, April 21, 1998, to the date when the trial court granted the State's motion to dismiss, March 27, 2000. This is a period of approximately 23 months. Because Guerrero was considered 'formally accused' throughout this time period, we must consider this period in our speedy trial computation").

[11]However, as the motion judge noted, in *Commonwealth* v. *Rodriguez*, 380

The facts of this case are significant. The defendant does not allege that the Commonwealth intentionally caused the delay, or that the case was dismissed for any reason other than the one stated, that the victim could not be located. Thus, there is no allegation of bad faith, or of an effort to manipulate the process to defeat the defendant's speedy trial claim. The defendant's argument is that the Commonwealth was negligent, citing *Doggett*, 505 U.S. at 652-653. In *Doggett*, however, the defendant's indictment was pending continuously from the time he was indicted on February 22, 1980, until he was arrested on September 5, 1988; it was never dismissed. *Id.* at 648-650. In addition, the United States Supreme Court described the government's efforts to proceed against the defendant as negligent, and the government stipulated that the defendant himself had no knowledge of the pending case until he was arrested. *Id.* at 652-653.

In the present case, it is undisputed that the defendant was incarcerated on other charges until one year and nine months before he was indicted. When the complaint issued, the police obtained a warrant for the defendant's arrest and subsequently lodged the warrant at the institution holding him; thereafter, the Commonwealth reasonably should have been able to rely on the normal procedure of the institution to notify the defendant, permitting him to request a speedy trial, and then, in response to a writ issued by the court, to transport him to the court to address the warrant. In the alternative, with the warrant lodged at the holding institution, the defendant should have been transported to the Chelsea District Court before being released.

This type of failure by the Chelsea District Court and the department cannot be held entirely against the Commonwealth. See *Commonwealth* v. *Lauria*, 411 Mass. 63, 70 (1991); *Commonwealth* v. *Vasquez*, 55 Mass. App. Ct. 523, 530 (2002). As we pointed out when examining the defendant's rule 36 claim,

Mass. 643 (1980), decided before *MacDonald*, the Supreme Judicial Court stated, "For the purpose of this decision the defendant's right to a speedy trial is to be measured from February 24, 1978, *when he was first arrested and held in custody. . . .* We also assume for the purpose of this decision that the first indictment which ended with the entry of a nolle prosequi, and the second indictment which was dismissed . . . for delay in prosecution, constituted a single prosecution arising out of a single incident." (Emphasis supplied.) *Commonwealth* v. *Rodriguez, supra* at 651.

"[t]hese circumstances show that the prosecution was not responsible for the delay in arraigning the defendant in District Court, and that the defendant must bear some of the responsibility because he failed to make any inquiry regarding the status of his request for a speedy trial." *Commonwealth* v. *Butler*, 68 Mass. App. Ct. at 664.

In the first appeal, this court dismissed each of the defendant's claims that he was prejudiced by the delay. "To recapitulate, we see nothing in the record before us that suggests that the delay in bringing the defendant to trial precluded him from advancing his best defense. The defendant does not allege any loss of evidence material to his defense by reason of either a failure of memory of any witness, the unavailability of any potential witness, or any other cause of prejudice." *Id.* at 667.[12]

As the defendant's Sixth Amendment claim fails, he is left only with an argument under the Fifth Amendment due process clause. "With respect to preindictment delays, the principles of due process inherent in the Fifth Amendment to the United States Constitution and art. 12 [of the Massachusetts Declaration of Rights] safeguard putative defendants when those delays are intentional and prejudicial." *Commonwealth* v. *Dixon*, 458 Mass. 446, 458 (2010). "Under this analysis, [the defendant] must show (1) that he 'has suffered actual prejudice due to the delay'; and (2) that the delay was 'intentionally undertaken to gain a tactical advantage over the accused or has been incurred in reckless disregard of known risks to the putative defendant's ability to mount a defense.' " *Burton*, 432 Mass. at 1009, quoting from *Commonwealth* v. *Imbruglia*, 377 Mass. 682, 688, 691 (1979). The defendant does not challenge the motion judge's finding that his due process claim is without merit.[13]

2. *Ineffective assistance of counsel.* The issue before us is

[12]In support of his motion for a new trial, the defendant also filed an affidavit from a defense investigator, retained in 2002. The affidavit recited that certain unspecified tasks had been made difficult or impossible and that unspecified witnesses had died. Such an affidavit, completely devoid of concrete information, added little to the defendant's argument.

[13]At the time that the defendant's pretrial motion to dismiss was heard, the motion judge found that the defendant did not show a violation of his due process rights; the defendant did not challenge that ruling in his motion for a new trial.

whether the behavior of appellate counsel could be described as "serious incompetency, inefficiency, or inattention . . . [which fell] measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then . . . whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). Here, counsel made an informed decision to argue what he saw as the stronger point in the defendant's appeal. We cannot say that decision likely deprived the defendant of an otherwise substantial ground of defense — for the reasons related above. Moreover, even were that issue eventually to be resolved differently in another case, "an ordinary, fallible lawyer" could not be faulted for failing to foresee such a ruling. See *Commonwealth* v. *Walker*, 443 Mass. 867, 875, cert. denied, 546 U.S. 1021 (2005) ("Subsequent legal developments cannot be used to alter present final decisions except in extreme circumstances not existing here; otherwise finality has no meaning"); *Commonwealth* v. *Norman*, 27 Mass. App. Ct. 82, 86-87, *S.C.*, 406 Mass. 1001 (1989) ("Ineffective assistance of counsel, however, is something other than a failure of omniscience. Counsel's failings must be grave and fundamental. . . . Missing a defense that at the time was novel in Massachusetts is the sort of mistake that may be forgiven the ordinary, fallible lawyer").

*Order denying motion for a new trial affirmed.*