COMMONWEALTH *vs.* MARK A. WILLIAMS. December 3, 1984. *Motor Vehicle,* Operating under the influence. *Practice, Criminal,* Instructions to jury, Appeal, Confession of error. *District Attorney.*

The defendant's conviction on a charge of operating under the influence, second offense (see G. L. c. 90, § 24[1][*a*][1], second par.), must be

reversed for two obvious errors in the judge's final charge to the six-person jury. First, the judge instructed the jury that, as a result of evidence that the defendant had scored .12 on his breathalyzer test (see G. L. c. 90, § 24[1][e]), "[t]here *shall be* an inference that [the] defendant was under the influence of intoxicating liquor" (emphasis added). There was no other ameliorating instruction which put the matter of the test score in the proper context of a permissive, as distinguished from a mandatory, inference. A reasonable juror could only have understood the instruction as mandating the inference that the defendant was under the influence of intoxicating liquor and as shifting the burden of persuasion on that element of the crime. The charge violated the principles discussed in *Commonwealth* v. *Moreira*, 385 Mass. 792 (1982). Second, the judge advised the jury that the complaint for "operating under the influence" charged the defendant with "his second offense within six years." The disclosure of such information is prohibited by G. L. c. 278, § 11A. The only question likely to arise at retrial concerns evidence of the defendant's consumption of nonprescription medication which might have contained alcohol. If the defendant chooses to testify at retrial, and if the prosecutor wishes to explore this area on cross-examination, a voir dire should first be held, and the examination not permitted unless (a) there is proof that the medication does in fact contain alcohol, and (b) the standards discussed in *Commonwealth* v. *Wallace*, 14 Mass. App. Ct. 358, 360-365 (1982), are satisfied.

There is one other point that deserves comment. The Commonwealth has filed a motion in which it stated its intention not to file a brief and requested that the appeal be dealt with summarily because the above points had merit and require reversal of the conviction. By the motion, the prosecutor in effect confessed error. Confessions of error, of course, do not relieve an appellate court of the performance of its appellate functions since "proper administration of the criminal law cannot be left merely to the stipulation of parties." *Sibron* v. *New York*, 392 U.S. 40, 58 (1968), quoting from *Young* v. *United States*, 315 U.S. 257, 259 (1942). Nevertheless, such confessions of error are entitled to be given great weight, *ibid.*, particularly in situations like this where the error is plain. We think, in the circumstances of this case, that the prosecutor deserves commendation for not attempting to defend the indefensible. His action is entirely appropriate and consistent with the duty of fair play owed by a district attorney as explained in *Smith* v. *Commonwealth*, 331 Mass. 585, 591 (1954).

*Judgment reversed.*
*Verdict set aside.*

*Kenneth P. Canty*, for the defendant, submitted a brief.