COMMONWEALTH *vs.* ERIC S. POIRIER. October 26, 2010. *Practice, Criminal,* Probation. *Global Positioning System Device.*

On December 11, 2008, the defendant admitted to sufficient facts on two counts of indecent assault and battery, and was sentenced, as to count one, to two and one-half years in a house of correction, with one year to be served and the balance suspended for one year; and, as to count two, two years of probation, to be served concurrently. One of his special conditions of probation, as required under G. L. c. 265, § 47, was that he wear a global positioning system (GPS) device.[1] On July 15, 2009, the defendant was released from the house of correction, having served the committed portion of his sentence as to count one. In accordance with his conditions of probation, he reported on Thursday, July 16, to the Greenfield District Court probation office.[2] The defendant informed his probation officer that he was homeless but, after learning that he needed to find a temporary residence in order to implement the GPS monitoring, the defendant located a place to reside. When the probation officer attempted to arrange for GPS monitoring, however, he was told that the GPS monitoring device could not be delivered to Greenfield for installation until, at the earliest, Monday, July 20. The probation officer then served the defendant with a notice of probation detention hearing, alleging that the condition of probation requiring GPS monitoring had not been met because the GPS device was not available until July 20. A hearing was held on the afternoon of July 16, with the defendant represented by appointed counsel.[3]

---

[1]General Laws c. 265, § 47, provides in part: "Any person who is placed on probation for any offense listed under the definition of 'sex offense,' a 'sex offense involving a child' or a 'sexually violent offense,' as defined in [G. L. c. 6, § 178C], shall, as a requirement of any term of probation, wear a global positioning system [GPS] device, or any comparable device, administered by the commissioner of probation, at all times for the length of his probation for any such offense."

[2]His conditions of probation required him to report within forty-eight hours of his release.

[3]The probation officer neglected to serve the defendant with a notice of probation

At the conclusion of the hearing, the judge found probable cause and ordered the defendant detained.[4]

On July 17, the defendant filed a motion to reconsider, in which he offered to undergo electronic monitoring (ELMO) and house arrest until the GPS unit could be installed on July 20, and argued that ELMO with house arrest was a "comparable device" to a GPS under G. L. c. 265, § 47. The judge denied the motion, concluding that the ELMO is not "comparable as a mechanism to control the defendant's movements." The judge added that the "Legislature was clear in its intention that individuals convicted of specified sex offenses *shall* be monitored by GPS or a comparable device. Here, the defendant agreed to a plea that included probation, incarceration and a GPS requirement. It was his affirmative obligation to prepare for release and the GPS condition. He acknowledged such by signing terms as a condition of probation." (Emphasis in original.)

The defendant appeals from the District Court judge's finding of probable cause that the defendant had committed a probation violation, asking that the finding be reversed. On February 26, 2010, the Commonwealth, represented by the Attorney General, submitted a letter in lieu of a brief "to confess error" and declare that it did not oppose the reversal of the judge's finding of probable cause. The Commonwealth conceded that the probation department's inability to equip the defendant with a GPS device on July 16 "cannot be properly attributed" to the defendant, and that he did nothing to prevent the probation department from installing the GPS device. The Commonwealth also conceded that it is not reasonable to fault the defendant for not having advised his local probation office of his anticipated release, because neither his general nor his special conditions of probation gave him fair notice that he was expected or required to do so. The Commonwealth further conceded that the defendant's proposed alternative of ELMO with house arrest "likely" was a "comparable device" that satisfied the requirements of G. L. c. 265, § 47.

"Confessions of error are, of course, entitled to and given great weight, but they do not 'relieve this Court of the performance of the judicial function.' " *Sibron* v. *New York*, 392 U.S. 40, 58 (1968), quoting *Young* v. *United States*, 315 U.S. 257, 258 (1942). See *Commonwealth* v. *Clark*, 23 Mass. App. Ct. 375, 379 (1987); *Commonwealth* v. *Williams*, 19 Mass. App. Ct. 915, 916 (1984). Because "our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties," *Young* v. *United States, supra* at 259, "our judicial obligations compel us to examine independently the errors confessed." *Id.* at 258-259.[5]

---

violation and hearing alleging his failure to comply with the GPS condition. That notice was served on the defendant after the probation hearing commenced.

[4]The District Court docket reflects a finding of probable cause, but the judge did not make this finding on the record at the hearing. The record does not indicate the basis for the judge's finding.

[5]The Attorney General here "deserves commendation for not attempting to defend the indefensible." *Commonwealth* v. *Williams*, 19 Mass. App. Ct. 915, 916 (1984). See *Berger* v. *United States*, 295 U.S. 78, 88 (1935) (prosecutor is "representative . . . of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done").

We agree with the Commonwealth that the finding of probable cause must be reversed. The record demonstrates that the defendant acted reasonably and in good faith to comply with his statutorily mandated probation condition of GPS monitoring. He promptly reported to his probation officer after his release and made a reasonable, good faith (and ultimately successful) effort to find a temporary residence to implement the GPS monitoring. He reasonably could not have been expected to foresee that the probation department would have no GPS device available when he reported to his probation officer, and owed no duty to provide his probation officer with advance notice of his release. Where, as here, a defendant is not responsible for his inability to comply with a probation condition because the probation department failed to provide the equipment needed to comply, a defendant is not in violation of that probation condition. Nor is there probable cause of such a violation. Because there was no probable cause of such a violation, there was no just ground to detain the defendant until the probation department provided a GPS device.[6]

The judge's finding that there was probable cause to believe the defendant violated a condition of his probation is reversed.

*So ordered.*

*Rachel Lynn Weber*, Committee for Public Counsel Services (*Beth L. Eisenberg*, Committee for Public Counsel Services, with her) for the defendant.

---

[6]We do not decide whether house arrest, alone or with electronic monitoring, is a "comparable device" to a GPS device pursuant to G. L. c. 265, § 47. Certainly, house arrest imposes a far more restrictive "geographic exclusion zone[]" (any place outside of the defendant's home) than any that reasonably may be imposed by the Commissioner of Probation as part of the GPS monitoring authorized by G. L. c. 265, § 47. Where, as here, the defendant, not the probation department, proposed this more restrictive alternative to GPS monitoring until the GPS device could be installed, it was an abuse of discretion for the judge to detain the defendant rather than accept the defendant's offer. Cf. *Commonwealth* v. *Goodwin, ante* 11, 22-23 (2010) (judge may add or revise condition of probation to adapt to material change in circumstances where additional or revised condition is not so punitive as to increase significantly severity of original probationary terms).