On appeal from his conviction of assault, the defendant argues, under the familiar standard of Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), that the evidence was insufficient. The parties agree that he was convicted on a threatened battery theory, which requires proof "that the defendant engaged in conduct that a reasonable person would recognize to be threatening, that the defendant intended to place the victim in fear of an imminent battery, and that the victim perceived the threat." Commonwealth v. Porro, 458 Mass. 526, 530-531 (2010). This requires "objectively menacing conduct." Commonwealth v. Chambers, 57 Mass. App. Ct. 47, 49 (2003). "[A]s a general rule words are not sufficient to constitute an assault." Commonwealth v. Delgado, 367 Mass. 432, 436 (1975) (recognizing exception for words that convey information about defendant's immediate readiness and ability to carry out threat).
There was evidence that the defendant told the complaining witness, "Good, so I can kill you," or, according to the defendant, "I could kick your ass." But the defendant argues, and the Commonwealth concedes, that there was insufficient evidence that he engaged in any objectively menacing conduct, or that his words alone conveyed sufficient information about carrying out the threat. Having independently reviewed the record, we agree.[2] See Commonwealth v. Williams, 19 Mass. App. Ct. 915, 916 (1984) (confession of error does not relieve appellate court of the performance of its appellate functions). "[T]he prosecutor deserves commendation for not attempting to defend the indefensible." Ibid.
Judgment reversed.
Verdict set aside.
Judgment for defendant.

We therefore need not address the defendant's challenge to his sentence.