NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12689


COMMONWEALTH  vs.  JERMAINE WATT.



August 20, 2019.



Practice, Criminal, Costs, Fees and costs, Restitution.
    Restitution.  Imprisonment, Imposition of fees.


     In 2010, Jermaine Watt pleaded guilty to two counts of
distribution of cocaine.  He was sentenced to concurrent State
prison terms of from three to five years.  In addition, he paid
a drug analysis fee of $150, which was imposed pursuant to G. L.
c. 280, § 6B.  He filed a motion for a new trial, seeking to
withdraw his guilty plea due to the misconduct of Sonja Farak, a
chemist at the Department of Public Health's State Laboratory
Institute in Amherst who analyzed the substances seized in his
case.  See generally Committee for Public Counsel Servs. v.
Attorney Gen., 480 Mass. 700 (2018).  That motion was initially
denied, but ultimately, after the defendant was released at the
end of his sentence, the indictments were dismissed with
prejudice on the Commonwealth's motion.  The defendant
thereafter filed a motion seeking a refund of fees associated
with the vacated convictions, namely, the drug analysis fee and
certain fees incurred on the inmate account he was obligated to
maintain while he was incarcerated.  See G. L. c. 124, § 1 (u);
103 Code Mass. Regs. § 405.06 (2017).[1]  A judge in the Superior

_____

     [1] The statute, G. L. c. 124, § 1 (u), authorizes the
commissioner of correction to "charge each inmate reasonable
fees for the maintenance and administration of inmate accounts
and [to] deduct such fees from each inmate's accounts."  The
regulation, 103 Code Mass. Regs. § 405.06, provides in relevant
part:

Court denied the motion, and the defendant appeals.  We allowed the Commonwealth's application for direct appellate review.

The Commonwealth concedes on appeal that the drug analysis fee should be refunded under the reasoning of our decision in Commonwealth v. Martinez, 480 Mass. 777 (2018), a case we decided after the judge denied the defendant's motion.[2]  That is

> "(1) All inmate funds in the possession of the Department of Correction shall be maintained on the Department of Correction's [Inmate Management System] Trust Fund Accounting Module.  All inmate savings bonds previously purchased shall stay in the custody of the institution in which the inmate is incarcerated.
>
> "(2) Pursuant to [G. L. c. 124, § 1 (u)], inmates shall be assessed reasonable fees for the maintenance and administration of inmate accounts.  The Commissioner shall establish the amount of the fee assessed.  Fees shall be deducted from inmate personal accounts that meet the criteria established in 103 [Code Mass. Regs. §] 405.06(2)(a) and (b).
>
> "(a) A fee shall be assessed if an account has had activity during the month to be charged.  Activity shall be defined as execution of at least one of the following transactions, ML income, VI income, IT income, or EX external disbursement.
>
> "(b) A fee shall be assessed for each check for which a stop payment request is executed. . . ."

As far as we are able to discern, the terms "ML income," "VI income," "IT income," and "EX external disbursement," that is, the types of transactions that result in fees, are not defined anywhere in the regulations.  Moreover, the judge did not make any findings as to the meaning of any of these terms or as to whether any fees imposed on the defendant's inmate account were related to any of these types of transactions.  The Commonwealth has provided documents in an effort to explain the various types of transactions, but these documents, which were not before the judge, do not use the abbreviations listed in the regulation.

[2] The question whether a defendant is entitled to a refund of drug analysis fees imposed as a result of a subsequently invalidated conviction was not presented in Martinez, and we

an appropriate concession, and, after an independent review of the issue, see Commonwealth v. Poirer, 458 Mass. 1014, 1015 (2010), and cases cited, we agree that the same due process principles that underlie our decision in Martinez also require a refund of the drug analysis fee.  The sole remaining issue before us, therefore, is whether the account fees should be refunded, either by statute or under the due process principles set forth in Martinez, supra, and Nelson v. Colorado, 137 S. Ct. 1249 (2017).[3]  As we shall explain, neither the statute nor due process requires that those fees be refunded.

Facts.  In ruling on the defendant's motion, the judge did not make findings of fact.  We glean the following facts from the record before us and from the parties' representations.  While he was incarcerated, the defendant was required to have an inmate account for retention of his funds.  See 103 Code Mass. Regs. § 405.06(1).  Pursuant to G. L. c. 124, § 1 (u), and 103 Code Mass. Regs. § 405.06(2), a monthly maintenance and administration fee of one dollar was assessed on his account in each month in which certain types of transactions occurred.  The Commonwealth represents that such fees are charged when correction personnel are needed to process a transaction, such as when a visitor brings money to be deposited in an inmate's account, but not when a transaction occurs without the need for such processing, such as when an inmate earns money from prison employment or when an inmate's family member makes a direct deposit using the secure deposit system.  The defendant does not generally dispute this, but represents that on two occasions, a fee was incurred when he was transferred from the house of correction to the State prison, a circumstance beyond his control.  According to the defendant, the fees totaled thirty-two dollars over the term of his incarceration.[4]

Statute.  The defendant argues that the account fees must be refunded under G. L. c. 278, § 14, which provides:

---

therefore did not address it at that time.  Commonwealth v. Martinez, 480 Mass. 777, 792 (2018).

[3] We do not have before us other fees that might be imposed after a conviction, such as parole fees, and we therefore do not address them.

[4] The Commonwealth states that the total amount was thirty-three dollars.  The defendant explains the discrepancy by stating that one dollar was charged in error and refunded to him.

"No prisoner or person under recognizance, acquitted by verdict or discharged because no indictment has been found against him, or for want of prosecution, shall be liable for any costs or fees or for any charge for subsistence while he was in custody."

By its terms, the statute applies to three categories of people:  those who are "acquitted by verdict," those who are "discharged because no indictment has been found," and those who are "discharged . . . for want of prosecution."  Each category consists of individuals in pretrial status who are eventually released without having been found guilty of any offense.  The statute does not apply to those who, like the defendant here, were convicted of one or more offenses.  We specifically reject the defendant's assertion that he is in the third category ("discharged . . . for want of prosecution") merely because the indictments were ultimately dismissed on the Commonwealth's motion.  The Commonwealth did in fact prosecute him, he pleaded guilty, and the account fees were incurred while he served his term.  As the defendant was not in pretrial status when the fees were incurred, G. L. c. 278, § 14, does not apply to him.

Due process.  The defendant next argues that the account fees must be refunded to him under the due process principles set forth in the Martinez and Nelson decisions.  As we explained in Martinez, "the State is obligated under the due process clause of the Fourteenth Amendment to refund monies where three elements are satisfied: (1) the monies were 'exacted from the defendant' upon conviction and as a consequence of the conviction; (2) the amounts 'exacted' were actually paid by the defendant; and (3) the conviction has been 'invalidated by a reviewing court and no retrial will occur.'"  Martinez, 480 Mass. at 784-785, quoting Nelson, 137 S. Ct. at 1252.  At issue here is the first element, that is, whether the maintenance and administration fees for his prison account were "'exacted from the defendant' upon conviction and as a consequence of the conviction."[5]  "The overriding principle is that where a defendant has been ordered to make a payment because of a conviction, the invalidation of that conviction erases the State's claim to that payment, and any amount paid must be restored to the defendant as a matter of due process" (emphasis added).  Martinez, supra at 785.  We thus determined in Martinez

_____

[5] The Commonwealth does not dispute the remaining elements of Martinez and Nelson, namely, that the defendant actually paid the fees, that his conviction has been invalidated by a reviewing court, and that no retrial will occur.

that probation fees ordered under G. L. c. 276, § 87A, victim-witness assessments ordered under G. L. c. 258B, § 8, and fines and surfines paid as part of a sentence must be refunded to the extent they were paid solely as a consequence of invalidated convictions. Martinez, supra at 785-787, 790. We also recognized the ruling of the United States Supreme Court in Nelson that "[d]ue process requires the refund of restitution paid as a consequence of an invalidated conviction," Martinez, supra at 787, citing Nelson, supra at 1252, while observing that differences between the Colorado law at issue in Nelson and Massachusetts law, as well as the difficulties involved in obtaining a refund from the victim to whom restitution was paid, would raise complex issues. Martinez, supra at 787-790. Not all fees imposed on defendants must be refunded, however. For example, we rejected a defendant's claim for a refund of money civilly forfeited pursuant to G. L. c. 94C, § 47, at a plea hearing, as forfeiture was a separate civil proceeding outside the scope of the criminal matter, and we stated that court costs were ordinarily not refundable, as G. L. c. 280, § 6, prohibits their imposition as a penalty for a crime. Martinez, supra at 790-792.

Under the principles set forth in Martinez and Nelson, the defendant is not entitled to a refund of the account maintenance and administration fees. Unlike probation fees, victim-witness assessments, restitution, and fines paid as penalties, the fees at issue here were not ordered solely as a consequence of the defendant's convictions, but withdrawn from his inmate account in connection with certain financial transactions. They cannot fairly be said to be part of the penalty imposed by the court as a punishment for the offenses of which the defendant was convicted. Moreover, like monies that are subject to civil forfeiture, the fees were imposed by a process outside the scope of the criminal proceeding. We conclude that these fees were not exacted from the defendant upon conviction and solely as a consequence of his convictions. The defendant is therefore not entitled to have them refunded.

Conclusion. The order denying the defendant's motion for a refund of fees is reversed to the extent that the order denied a refund of the drug analysis fee. In all other respects, it is affirmed.

So ordered.

Rebecca A. Jacobstein, Committee for Public Counsel Services, for the defendant.

David L. Sheppard-Brick, Assistant District Attorney, for the Commonwealth.