NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1124

COMMONWEALTH

vs.

TROY ANDERSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2011, the defendant was indicted and arraigned in the Superior Court on several counts of possession and distribution of cocaine.[1] The drugs were tested at the William A. Hinton State Laboratory Institute (Hinton lab). The defendant ultimately pleaded guilty in 2014 to one count of distribution of cocaine as a subsequent offender and one count of possession of cocaine with the intent to distribute and was sentenced.[2] In

---

[1] On August 23, 2011, a grand jury returned indictments charging the defendant with unlawful possession of cocaine with the intent to distribute and distribution of cocaine, G. L. c. 94C, § 32A (c), with enhancements as a subsequent offender, G. L. c. 94C, § 32A (d), and a habitual offender, G. L. c. 279, § 25 (a); and unlawful distribution of a class B substance in a school zone, G. L. c. 94C, § 32J.

[2] The Commonwealth agreed to dismiss the school zone charge, the habitual offender enhancements, and the subsequent offender enhancement attached to the possession charge. After a colloquy, the plea judge accepted the defendant's guilty pleas and sentenced him to three and one-half years on the

2021, the defendant filed an assented-to motion to withdraw his guilty pleas; his motion was denied. Because we are not persuaded that the motion judge's ruling involved any violation of the separation of powers doctrine or that the defendant otherwise satisfied the showing required to establish entitlement to a new trial, see Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), we affirm.

Background. In or around July 2011, prior to the defendant's arraignment and his pleas, the drugs at issue in his case were tested at the Hinton lab. Subsequent investigation revealed that chemist Annie Dookhan, who worked at the Hinton lab during that time, engaged in serious misconduct in her handling of drug samples while at work, and that the lab suffered from a lack of operational oversight. See Commonwealth v. Scott, 467 Mass. 336, 338-342 (2014). There is, however, no dispute that Dookhan herself was not involved in the testing or certification of the substances in the defendant's case, and the defendant made no claim that any specific government misconduct tainted the testing of those particular drugs.

Based on concerns about "systemic misconduct in the Hinton Lab," on March 22, 2021, the Suffolk County District Attorney's office announced the "Hinton Lab Initiative," pledging to treat

---

distribution count and two years of probation from and after that sentence on the possession count.

2

all defendants with convictions based on substances tested at Hinton lab between May 1, 2003, and August 30, 2012, as "List Two" defendants, as described in <u>Bridgeman</u> v. <u>District Attorney for the Suffolk Dist</u>., 476 Mass. 298, 327-328 (2017) (<u>Bridgeman II</u>), and on that basis, to seek to vacate and dismiss those convictions.[3]  Six months later, on September 21, 2021, the defendant filed a motion for new trial seeking to withdraw his guilty pleas pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), citing to the District Attorney's pledge in furtherance of the Hinton Lab Initiative.  Although the Commonwealth assented to the defendant's motion, the motion judge denied it, explaining that the defendant had failed to show that any misconduct occurred in the testing of the substances in his case.  The defendant filed a timely appeal.[4]

    Discussion.  1.  Standard of review.  "Under Mass. R. Crim. P. 30 (b), a judge may grant a motion for a new trial any time it appears that justice may not have been done.  A motion for a

---

[3] In <u>Bridgeman II</u>, the Supreme Judicial Court set out a protocol for case-by-case resolution of "the drug cases of potentially more than 20,000 relevant Dookhan defendants" that then remained.  <u>Bridgeman II</u>, 476 Mass. at 327.  The "List Two" defendants are the "relevant Dookhan defendants" -- those who were convicted of drug offenses or pleaded guilty after their drug certificate was signed by Dookhan, see <u>id</u>. at 306 n.8 -- whose cases the District Attorneys would identify for dismissal following an individualized review.  <u>Id</u>. at 327-328.
[4] The Commonwealth did not file a brief in this matter but did appear and answer questions at oral argument.

3

new trial is thus committed to the sound discretion of the judge." Scott, 467 Mass. at 344. Our review is for an abuse of that discretion. Id. But see Commonwealth v. Watkins (No. 1), 486 Mass. 801, 804 (2021).

2. Separation of powers. We discern no separation of powers issue or other infringement on the prosecutor's authority in the judge's denial of the defendant's assented-to motion to vacate his pleas. The defendant's argument to this effect relies on a misunderstanding of the limitations on a district attorney's discretion to dismiss a case.

In Massachusetts, "[a] prosecuting attorney may enter a nolle prosequi of pending charges at any time prior to the pronouncement of sentence or the imposition of probation or the entry of an order of continuance without a finding." Mass. R. Crim. P. 16 (a), as amended, 489 Mass. 1501 (2022).[5] Once a defendant has been sentenced, the power to correct errors or otherwise address unfairness in that case is vested in the judiciary, not in the executive branch. See Commonwealth v. Dascalakis, 246 Mass. 12, 20 (1923). It is for that reason that, even when the Commonwealth affirmatively supports reversal of a conviction on appeal, we have the "duty of independently

_____

[5] Of course, once jeopardy attaches, a nolle prosequi without the consent of the defendant acts as an acquittal. Mass. R. Crim. P. 16 (b), 378 Mass. 885 (1979).

4

determining whether there was error." Commonwealth v. Waterman, 98 Mass. App. Ct. 651, 654 (2020). Accord Commonwealth v. DeJesus, 468 Mass. 174, 182 n.8 (2014). Indeed, on occasion we have affirmed a conviction on appeal despite the Commonwealth's agreement that it should be reversed. See, e.g., Commonwealth v. McCollum, 79 Mass. App. Ct. 239, 248-249 (2011).

For that reason, notwithstanding the prosecution's assent to the defendant's motion, art. 30 of the Massachusetts Declaration of Rights did not, as the defendant contends, require the motion judge to accede to the prosecutor's wishes. Rather, because "the proper administration of the criminal law cannot be left merely to the stipulation of parties," the motion judge's "judicial obligations compel[led him] to examine independently the errors confessed." Commonwealth v. Poirier, 458 Mass. 1014, 1015 (2010), quoting Young v. United States, 315 U.S. 257, 258-259 (1942). The District Attorney's assent to the motion did not necessitate that the judge grant it under separation of powers principles or any other theory of prosecutorial authority. There was no abuse of discretion or error of law in the judge's denial of the defendant's motion on this basis.

3. Governmental misconduct. To the extent that the defendant argues that the District Attorney's assent to his motion reflected that misconduct at the Hinton lab rendered the

5

evidence in his case "unreliable," and that he was therefore entitled to withdraw his pleas on that basis, we are not persuaded.

In 2014, the Supreme Judicial Court laid out the method for analyzing cases in which a defendant has moved to withdraw a guilty plea due to misconduct affecting the testing of drugs in his or her case at the Hinton lab. In Scott, 467 Mass. at 346-353, the court articulated a two-part test based on Ferrara v. United States, 456 F.3d 278, 290 (1st Cir. 2006) (Ferrara-Scott test). See Bridgeman II, 476 Mass. at 304. "Under the first prong of the analysis, a defendant must show egregious misconduct by the government that preceded the entry of the defendant's guilty plea and that occurred in the defendant's case." Commonwealth v. Resende, 475 Mass. 1, 3 (2016). Where Dookhan signed a defendant's drug certificate as the primary or secondary analyst, the defendant is entitled to a conclusive presumption as to the first prong. Scott, supra at 352.

The defendant here has not shown or alleged that Dookhan signed his drug certificate, only that the substances underlying his conviction were tested at the Hinton lab during the timeframe that Dookhan worked there. Where, as in this case, Dookhan was not involved in the testing of the substances, the defendant is not entitled to the presumption under Scott,

6

regardless of the District Attorney's support of the motion.[6] Absent that presumption, the defendant -- who proffered no evidence of misconduct specific to his case -- failed to show more than that the drugs were tested at the Hinton lab during the time that Dookhan or Sonja Farak, the chemist at the heart of a separate scandal, worked there.[7] On the record before us, the judge acted within his discretion in denying the motion for failure to meet the first prong of the Ferrara-Scott test.[8] See Commonwealth v. Lewis, 96 Mass. App. Ct. 354, 361 (2019).

Conclusion. The judge did not abuse his discretion in denying the defendant's motion for new trial and, accordingly,

---

[6] We note that the District Attorney's response to the defendant's motion for new trial states that, here, the assent was based on her concerns about "systemic corruption and misconduct," and not on "any additional identified misconduct by individual Hinton Lab employees or any insufficiency of the Hinton Drug Lab investigation." The Commonwealth has not taken any different position on appeal.

[7] The defendant does not claim that Farak had any role in analyzing the drugs in his case.

[8] Should evidence come to light showing misconduct connected to the defendant's drug certificate, nothing in our decision today should be read to preclude the defendant from filing a new motion supported by the newly uncovered evidence.

the order is affirmed.

                                        <u>Order denying motion for new</u>
                                           <u>trial affirmed</u>.

                                        By the Court (Ditkoff, Hand &
                                           D'Angelo, JJ.[9]),

                                        *Joseph F. Stanton*

                                        Clerk


Entered:   June 2, 2023.

---

[9] The panelists are listed in order of seniority.