NOTICE:   Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-831

COMMONWEALTH

vs.

JAMES M. MURPHY, THIRD.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On October 28, 2014, the defendant pleaded guilty in the District Court to a complaint charging him with vandalizing with a "noxious or filthy substance" in violation of G. L. c. 266, § 103.[2]  The charge arose from the defendant's urinating through the door of his jail cell while he was being held at the Quincy police department.  He subsequently filed a motion for a new trial seeking to vacate his plea and now claims that because of the Supreme Judicial Court's recent decision in Commonwealth v.

---

[1] We use the spelling of the defendant's name as it appears in the criminal complaint and the court docket.

[2] The defendant was also charged with disorderly conduct in violation of G. L. c. 272, § 53; and intimidation of a witness in violation of G. L. c. 268, § 13B.  The intimidation of a witness charge was dismissed at the request of the Commonwealth prior to the date of the plea hearing.  The disorderly conduct charge was placed on file without a change of plea.  We note there was no "guilty finding" as the Commonwealth states in its brief.

Perez Narvaez, 490 Mass. 807 (2022), wherein the court held that urine does not constitute a noxious or filthy substance within the meaning of G. L. c. 266, § 103, there was no factual basis for the charge.  The Commonwealth concedes that the plea must be vacated, and we agree.[3]

The underlying facts presented by the Commonwealth at the change of plea hearing are as follows.[4]  On July 17, 2013, the defendant was arrested for disorderly conduct outside the United First Parish Church in Quincy.  He was transported to the police station and placed in a holding cell where he was observed on video surveillance urinating through an opening in the door of the jail cell onto the floor.

As previously noted, the defendant pleaded guilty in 2014, and seven years later, on August 4, 2021, he filed a motion to withdraw his guilty plea, which was denied.  The defendant appealed, and on July 20, 2022, the appeal was stayed pending the issuance of the Supreme Judicial Court's decision in Perez Narvaez, 490 Mass. at 807.

There is no question that the outcome of this appeal is controlled in all respects by the court's decision in Perez

---

[3] Notwithstanding the Commonwealth's concession, we have conducted our own independent review of the issue.  See Commonwealth v. Poirier, 458 Mass. 1014, 1015 (2010).

[4] We have not been provided with a transcript of the change of plea hearing.  The facts as described are taken from the parties' submissions and are not disputed.

Narvaez. It is well settled that a judge may only accept a guilty plea if there are "sufficient facts on the record to establish each element of the offense." Commonwealth v. Hart, 467 Mass. 322, 325 (2014), quoting Commonwealth v. DelVerde, 398 Mass. 288, 297 (1986). Here, the Commonwealth was required to allege sufficient facts to show that the defendant intentionally threw or placed "oil of vitriol, coal tar, or other noxious or filthy substance" on or in a building, office, shop, dwelling, or vessel with the intent to injure, deface, or defile said structure. G. L. c. 266, § 103. Because the Supreme Judicial Court has squarely held that urine is not a noxious or filthy substance under c. 266, § 103, the facts presented in support of the guilty plea were insufficient. Consequently, the order denying the defendant's motion to withdraw his guilty plea is reversed and the judgment is vacated.

So ordered.

By the Court (Vuono, Singh & Englander, JJ.[5]),

Joseph F. Stanton
Clerk

Entered: November 6, 2023.

---

[5] The panelists are listed in order of seniority.

3