NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1063

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 372711

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner, John Doe, appeals from the decision of a Superior Court judge affirming his final classification by the Sex Offender Registry Board (board) as a level three sex offender.  We affirm.

1.  Background.  We summarize the facts as set forth in the hearing examiner's decision, "supplemented by undisputed facts from the record."  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).  In 2011, Doe recruited two girls, then fifteen and sixteen years old, to have sex for money.  In addition to forcing the girls to have sex with other men, Doe himself had penile intercourse with one of the victims.  He also took pornographic photographs of that victim.  In 2013, Doe pleaded

guilty in the Superior Court to, inter alia, four counts of rape and abuse of a child. He was sentenced to prison.[1]

In 2016, the board preliminarily classified Doe as a level three sex offender; after a de novo hearing in 2017, a hearing examiner again classified Doe as a level three offender. In doing so, the hearing examiner gave "moderate weight" to high-risk factor two (repetitive and compulsive behavior). See 803 Code Mass. Regs. § 1.33(2) (2016). Doe appealed, arguing, in part, that factor two did not apply where Doe had not been "discovered, confronted, or investigated between the [repeated offenses against the victims]." Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 799 (2022) (Doe No. 22188). A panel of this court remanded the case to the board to determine Doe's classification without consideration of factor two. See Doe, Sex Offender Registry Bd. No. 372711 v. Sex Offender Registry Bd., 100 Mass. App. Ct. 1104 (2021).

A new hearing was conducted, and in 2021, the hearing examiner issued a new decision in which she applied high-risk

---

[1] Doe also pleaded guilty to nine counts of deriving support from a minor prostitute and seven counts of being an accessory before the fact, to wit statutory rape. See Doe, Sex Offender Registry Bd. No. 372711 v. Sex Offender Registry Bd., 100 Mass. App. Ct. 1104 (2021). Additional indictments for posing a child in the nude, distributing material depicting a child in the nude, and posing a child in a sexual act were dismissed as part of the plea.

factor three (adult offender with child victim); and risk-elevating factors seven (extrafamilial victim), nineteen (level of physical contact),[2] and twenty-two (number of victims). See 803 Code Mass. Regs. § 1.33(3), (7), (19), (22) (2016). Additionally, the examiner applied risk-elevating factors that were not explicitly related to the governing offenses, including risk-elevating factors nine (alcohol and substance abuse),[3] ten (contact with the criminal justice system), eleven (violence unrelated to sexual assaults), twelve (behavior while incarcerated), and thirteen (noncompliance with community supervision). 803 Code Mass. Regs. § 1.33(9)-(13) (2016). Finally, based on Doe's victimization of the two minors by (1) instructing them to have sex with others and having sex with one of the minors himself, and (2) taking and distributing pornographic photographs of one minor, the examiner applied factor thirty-seven (other information related to the nature of the sexual behavior) as evidence of Doe's degree of dangerousness. See 803 Code Mass. Regs. § 1.33(37) (2016). The

---

[2] The examiner applied factor nineteen with "increased weight" given Doe's penetration of the fifteen year old victim with his penis. See 803 Code Mass. Regs. § 1.33(19).

[3] The examiner applied factor nine with "minimal weight," balancing evidence of Doe's past possession of drugs both before and during his incarceration and a prison disciplinary report based on Doe's preparation of illicit "home brew" with the lack of direct evidence of Doe's "actual history of use of substances and/or alcohol."

hearing examiner did not find any risk-mitigating factors to apply.

Concluding that Doe presented a high risk of reoffense and degree of dangerousness and finding that Internet dissemination of Doe's registration information was in the interests of public safety, the examiner classified Doe as a level three sex offender. That determination was affirmed by a Superior Court judge on Doe's request for judicial review, and this appeal followed.

2. Discussion. A level three classification requires explicit findings, supported by clear and convincing evidence, that the offender presents "a high risk of reoffense, a high degree of dangerousness, and a public safety interest is served by active dissemination of the offender's registry information." Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 768 (2022). See G. L. c. 178K, § 2 (c). "A reviewing court may set aside or modify [the board]'s classification decision where it determines that the decision is in excess of [the board]'s statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019), citing G. L. c. 30A, § 14 (7). "Substantial evidence is 'such evidence as a reasonable mind might accept as

4

adequate to support a conclusion.'" Doe, No. 10800, 459 Mass. at 632, quoting G. L. c. 30A, § 1 (6). In our assessment, "[w]e give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (citation omitted). Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019) (Doe No. 523391).

Here, we are not persuaded that the hearing examiner erred in applying factor nine in classifying Doe as a level three sex offender.[4] The board's regulations provide that factor nine applies "when the sex offender has a history of substance abuse, demonstrates active substance abuse, or when the defendant's substance use was a contributing factor in the sexual misconduct." 803 Code Mass. Regs. § 1.33(9). We consider it reasonable for the hearing examiner to infer from Doe's extensive history of past drug possession, and particularly from the report that he was caught making "home brew" while incarcerated, that Doe had at least some history of abusing

---

[4] Doe represents, and the board does not dispute, that in arguing the cross motions for judgment on the pleadings in Doe's action for judicial review of the 2021 classification decision, the board conceded that factor nine did not apply. On appeal, however, the board has changed its stance; it now contends that notwithstanding its prior concession, we can and should consider the propriety of the hearing examiner's application of factor nine in this case. We agree with the board that we have the authority to consider the question. See Commonwealth v. Poirier, 458 Mass. 1014, 1015 (2010).

5

drugs and alcohol.  See Doe, No. 523391, 95 Mass. App. Ct. at 88

("It is within the province of the hearing officer to assess the

reliability of such evidence and to draw all reasonable

inferences").  Accordingly, we discern no error in the hearing

examiner's application of factor nine, to which, in any event,

the hearing examiner accorded only "minimal weight."[5]

We are likewise unpersuaded by Doe's argument that "[t]he

decision in this case . . . reflects the mechanical application

of a checklist and failed to provide the necessary 'reasoned

analysis' for a Level 3 classification."  Our review of the

hearing examiner's decision in its totality satisfies us that

the examiner properly considered the facts of Doe's case and

weighed them against the required statutory and regulatory

factors.  The examiner identified each factor that she applied

and explained the reason for its application; although she was

not required to do so, in several instances, the examiner also

specified the weight she assigned to the factor based on the

specifics of Doe's case.  As we have discussed, the hearing

examiner applied factor nine, but gave it only "minimal weight"

---

[5] Given our conclusion that the hearing examiner did not err in applying factor nine, we do not address Doe's challenge to the standard of review applied by the motion judge in the Superior Court, or his argument that the board failed to demonstrate whether any error "may have affected the classification," requiring another remand to the board.  Doe, No. 22188, 101 Mass. App. Ct. at 804.

6

in light of the lack of direct evidence of Doe's substance use history.  In addition, the hearing examiner explained that she gave "increased weight" to factor nineteen in light of Doe's penile penetration of one of the victims; went into detail about the aspects of Doe's criminal history that bore on her application of factors ten and eleven (contact with criminal justice system and violence unrelated to sexual assaults); and explained the basis for her conclusion that Doe demonstrated "continual disregard for the rules of an institutional setting" (factor twelve).  The hearing examiner's "[analytical] path may reasonably be discerned" from the decision, NSTAR Elec. Co. v. Department of Pub. Utils., 462 Mass. 381, 387 (2012), quoting Costello v. Department of Pub. Utils., 391 Mass. 527, 535-536 (1984), and it is clear that "the classification is based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex."  Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd.,

81 Mass. App. Ct. 639, 651 (2012).  We discern no abuse of discretion.

Judgment affirmed.

By the Court (Meade, Neyman & Hand, JJ.[6]),

*Paul Little*

Assistant Clerk

Entered:  May 8, 2024.

---

[6] The panelists are listed in order of seniority.