NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1144

COMMONWEALTH

vs.

MILA DEPINA-COOLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a trial in the Superior Court, a jury convicted the defendant, Mila Depina-Cooley, of two counts of receipt of stolen property over $250.[1]  The defendant filed a timely appeal from her convictions, which appeal is now pending.  In order to perfect the record for that direct appeal, the defendant sought by motion the release of all documents reviewed in camera by Superior Court judges prior to her trial.  A Superior Court judge denied her motions in part by allowing only one of the requested records to be released on appeal.  This separate

_____

[1] G. L. c. 266, § 60.

appeal followed; the direct appeal has been stayed pending its resolution.

Because we agree with the defendant that (as the Commonwealth now concedes) she was entitled to include all of the records, in unredacted form, in the appellate record, we vacate so much of the judge's order as denied the defendant's motions and remand with directions for the Clerk of the Suffolk County Superior Court to transmit to this court (and to this court only), under seal for in camera appellate review, the unredacted documents reviewed in camera by the Superior Court judges in this matter.

Discussion. As we have noted, the Commonwealth now concedes that in camera review of the requested documents is appropriate. Still, we must "examine independently the error [] confessed." Commonwealth v. Poirier, 458 Mass. 1014, 1015 (2010), quoting Young v. United States, 315 U.S. 257, 258-259 (1942).

The appellant has the burden of preparing and filing the record on appeal. See Commonwealth v. De Christoforo, 360 Mass. 531, 536 n.2 (1971) ("defendant as the appealing party has the burden of presenting to this court a record on appeal which shows that he was prejudiced by an error committed by the trial court"). "The record on appeal shall consist of the documents . . . on file, the transcript of the proceedings, if any, and

2

the docket entries." Mass. R. A. P. 8 (a), as appearing in 481 Mass. 1611 (2019). For the purposes of rule 8 (a), "documents . . . on file" includes documents that the judge below reviewed in camera. See Commonwealth v. Scott, 98 Mass. App. Ct. 843, 853 (2019) (transcript of in camera hearing on witness's invocation of privilege against self-incrimination "part of the record on appeal and is reviewed by the appellate court but is not accessible to the parties" [emphasis added]). See also Commonwealth v. Dunn, 494 Mass. 42, 57 n.12 (2024) (noting that counsel could have "incorporated [photographs] into the record on appeal" by submitting them for in camera review in connection with request for hearing under Franks v. Delaware, 438 U.S. 154, 155-156 [1978]). Because the documents at issue are part of the record on the defendant's direct appeal, it was error for the judge to deny the defendant's motions to have all those documents transmitted to this court.

Conclusion. We vacate so much of the judge's order as denied the defendant's motions. The case is remanded for entry of a new order allowing the defendant's motions and directing the Clerk of the Suffolk County Superior Court to deliver to the Massachusetts Appeals Court, in a sealed envelope marked "Confidential Documents -- Not to be Opened, Read, Filed, or Made Available Except by Order of the Court," unredacted copies of all the documents and records Superior Court judges reviewed

3

in camera in this matter, within thirty days of the release of this order.[2]

So ordered.

By the Court (Rubin, Hand & Smyth, JJ.[3]),

Clerk

Entered:  September 25, 2025.

---

[2] No party shall see or have access to these materials unless and until the Appeals Court explicitly allows such review.  Further, the materials will remain under seal in the trial court during and after transmission to the Appeals Court.

[3] The panelists are listed in order of seniority.