NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1275

COMMONWEALTH

vs.

MFOUAD FARIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of involuntary manslaughter, G. L. c. 265, § 13, and motor vehicle homicide by reckless operation, G. L. c. 90, § 24G (c).  The defendant contends that the Commonwealth's evidence was insufficient to prove reckless conduct.  The defendant also argues, and the Commonwealth concedes, that the convictions of motor vehicle homicide and manslaughter are duplicative.  We affirm the conviction of manslaughter and reverse the conviction of motor vehicle homicide by reckless operation.

Background.  On October 9, 2021, the defendant was out with friends, including the victim, at a bar in Worcester.  The defendant was telling his friends about his recently purchased

car, a Mitsubishi Lancer of the type featured in the street racing film franchise, "Fast & Furious." The defendant said his Mitsubishi had been modified "to make it go a little faster." One friend, who drove a white BMW sedan, responded, "Stop talking about it. I will beat it." The defendant and the BMW driver had raced before. They agreed that night to race "at the last light," located at the intersection of Summer Street, Thomas Street, and Prospect Street in Worcester.

They drove to the intersection, passing other vehicles on the road. The victim was in the back seat of the defendant's car. The defendant pulled his Mitsubishi into the left-turn-only lane alongside the BMW. They began "revving the engine[s], the light turned green," and "[they] both took off" straight ahead down Summer Street and onto Goldsberry Street. The defendant drove northbound in the southbound lane. The two cars continued at pace side by side "around the bend" of Goldsberry Street. They were traveling double the speed limit at approximately 60 miles per hour. As the defendant overtook the BMW and attempted to reenter the northbound lane, he lost control of his Mitsubishi and "spun out" into the other lane. The defendant's Mitsubishi hit the front of an oncoming car and careened through a fence into the Worcester police department parking lot, where it hit a wall and came to rest. The victim was ejected out of the back windshield of the defendant's

2

Mitsubishi onto the pavement.  She died from the resulting "blunt impact injuries of [her] head and torso."

Discussion.  1.  Sufficiency of the evidence.  "In reviewing a denial of a motion for a required finding of not guilty, our inquiry is whether the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to satisfy a rational trier of fact that the essential elements of the crime have been proven beyond a reasonable doubt."  Commonwealth v. Vazquez, 69 Mass. App. Ct. 622, 626 (2007).  "In satisfying that test, the Commonwealth may rely on reasonable inferences drawn from circumstantial evidence."  Id., quoting Commonwealth v. Degro, 432 Mass. 319, 325 (2000).

"Involuntary manslaughter arises where death is caused by wanton or reckless conduct -- that is, 'intentional conduct that create[s] a high degree of likelihood that substantial harm will result to another person.'"  Commonwealth v. Njuguna, 495 Mass. 770, 781 (2025), quoting Commonwealth v. O'Brien, 494 Mass. 288, 297 (2024).  The defendant need not "inten[d] to cause the specific harm," but only "inten[d] to engage in the wanton or reckless conduct itself."  Njuguna, supra.  The Commonwealth can prove intent "either subjectively, based on the defendant's specific knowledge, or objectively, based on what a reasonable person should have known in the circumstances."  Id.

3

The defendant was racing in the street when he crashed. The area was well lit and the road was dry. Despite the late hour, there were other vehicles on the road. In the moments before the accident, the defendant was speeding into the oncoming lane at almost double the speed limit. He failed to control his Mitsubishi, spun out, and slammed tail first into an oncoming car, sending his Mitsubishi into the parking lot and the victim out of the back windshield.

Viewed in the light most favorable to the Commonwealth, this evidence was sufficient to support the jury's verdict. See Njuguna, 495 Mass. at 782-783 (traveling at excessive speed, weaving between lanes, and attempting to pass vehicles in dangerous manner may constitute wanton or reckless conduct sufficient for manslaughter conviction); Commonwealth v. DeSimone, 349 Mass. 770, 770-771 (1965) (weaving through traffic and hazardous passing may constitute wanton or reckless conduct sufficient for manslaughter conviction).

The defendant argues that he was no longer in the wrong lane when he lost control, so any reckless conduct ended before the accident and thus could not have caused the victim's death. We are not persuaded. "Conduct is a proximate cause of death if the conduct, 'by the natural and continuous sequence of events, causes the death and without which the death would not have occurred.'" Commonwealth v. Carlson, 447 Mass. 79, 83 (2006),

4

quoting Commonwealth v. Rosado, 434 Mass. 197, 202, cert. denied, 534 U.S. 963 (2001). Viewed in the light most favorable to the Commonwealth, the evidence supports a finding that the blunt impact injuries that caused the victim's death "would not have occurred" except for the "natural and continuous sequence of events" arising from the defendant's racing at double the speed limit between the correct lane and oncoming traffic. Carlson, supra, quoting Rosado, supra. Regardless of whether the defendant was in the proper or improper lane when he lost control, it was his driving that caused the accident and the victim's death.

2. Duplicative conviction. The defendant also asserts that a conviction of motor vehicle homicide by reckless operation is duplicative of a conviction of involuntary manslaughter. The Commonwealth concedes as much, and having conducted an independent examination of the issue, we agree. See Commonwealth v. Poirier, 458 Mass. 1014, 1015 (2010). In Njuguna, 495 Mass. at 771, the Supreme Judicial Court reaffirmed the holding of Commonwealth v. Jones, 382 Mass. 387, 394-395 (1981), that a conviction of motor vehicle homicide is duplicative of a conviction of involuntary manslaughter. See id. at 394 ("If involuntary manslaughter by reckless driving in public is proved, homicide by negligently [or recklessly] operating to endanger is proved as well"). Because we uphold

5

the defendant's conviction of involuntary manslaughter, we reverse the conviction of motor vehicle homicide.

Conclusion. The order denying the defendant's postconviction motion to vacate duplicative conviction is reversed. On indictment no. 21-0332-2, charging motor vehicle homicide by reckless operation, the judgment is vacated, the verdict is set aside, and the indictment is to be dismissed. On indictment no. 21-0332-1, charging involuntary manslaughter, the judgment is affirmed.

So ordered.

By the Court (Shin, Grant & Hershfang, JJ.[1]),

Clerk

Entered: October 15, 2025.

---

[1] The panelists are listed in order of seniority.

6