NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1308

COMMONWEALTH

vs.

GREG MCCOLLUM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the District Court, a jury convicted the defendant of operating a motor vehicle while under the influence of intoxicating liquor (OUI) pursuant to G. L. c. 90, § 24 (1) (a) (1), and negligent operation of a motor vehicle pursuant to G. L. c. 90, § 24 (2) (a).  After waiving his right to a jury trial on so much of the OUI charge alleging a second offense, the defendant was convicted on the second or subsequent portion of the OUI charge.  The defendant appeals.  We vacate the judgments and set the verdicts and subsequent offense finding aside.

Background.  We summarize the undisputed facts.  At approximately 4:15 P.M. on August 10, 2018, the defendant was

driving when he rear-ended a car in front of him, causing a four-car accident.  The defendant "appeared to be slurring his words," his eyes were "a little bloodshot and glassy," and he had trouble standing.  The responding police officer detected an odor of alcohol coming from the defendant.  A cold, unopened can of beer was found underneath the bumper of the defendant's car. A plastic bag containing a second cold can of beer and a nip of whiskey was found underneath a van the defendant was leaning against.  At the scene of the accident, the defendant admitted to drinking a beer at a restaurant at lunch.  When the police officer drove the defendant to the police station for booking, the defendant admitted to consuming a twenty-five-ounce can of beer.

Prior to trial, the Commonwealth filed a motion in limine to admit the defendant's medical records.  Defense counsel told the judge that she and the prosecutor would discuss redactions to the records.  During the trial, the prosecutor moved to admit exhibits in evidence.  The judge asked, "Have both sides gotten together on the documents?"  Defense counsel confirmed having gone through the medical records and the prosecutor confirmed that "there have been proper redactions made" to them.  The medical records were admitted in evidence.  After the jury rendered their guilty verdicts, the judge met with the jury to thank them and explained that they could stay and observe the

next phase of the proceeding involving the subsequent offense. One of the jurors told the judge that the jury were already aware of the defendant's prior conviction and pointed to the medical records. The top page of the medical records was the summons directed to the keeper of the records and contained the language "OUI/LIQUOR, 2nd OFFENSE."[1] One of the jurors told the judge that the jury "tried to put that out of [their] minds and exclude that from [their] consideration." The judge then informed counsel about the issue and, after discussing different options, scheduled the case to another hearing date to allow counsel time to brief the issue and allow defense counsel the opportunity to file a motion for a required finding of not guilty or a motion for a new trial.

At the hearing on July 6, 2023, the judge heard argument on the defendant's motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). The defendant argued that he was entitled to a new trial because, from the inadvertent admission of the reference in his medical records, the jury knew that he was charged with OUI as a second offense. The judge denied the motion in a written order, finding that "the extraneous matter did not prejudice the

---

[1] The judge found that "[t]he failure of the parties to redact this language [was] unquestionably inadvertent."

3

defendant" in light of the "overwhelming collective strength of the trial evidence."[2]

Discussion.  The defendant argues that his trial counsel was ineffective for allowing the defendant's medical records to go to the jury without redacting the reference to the OUI second offense charge.  In assessing a claim of ineffective assistance of counsel, we first review "whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  We then determine whether counsel's shortcoming "likely deprived the defendant of an otherwise available, substantial ground of defence."  Id.

When a defendant proceeds to a bifurcated trial on a second or subsequent OUI offense, during the first portion of the trial, "no part of the complaint or indictment which alleges that the crime charged is a second or subsequent offense shall be read or shown to the jury or referred to in any manner."  G. L. c. 278, § 11A.  When a defendant raises a claim of

_____

[2] The defendant also filed a motion for a mistrial on the same grounds as the motion for a new trial.  The judge denied the motion orally, finding that, although the second or subsequent portion of the OUI trial was pending, a mistrial on the underlying OUI was not a "possible route" where the jury had already entered its verdict.  No issue is before us concerning the judge's denial of either motion.

4

ineffective assistance of counsel for the first time on direct appeal instead of in a motion for new trial, we will reverse the conviction only if the ineffectiveness appears "indisputably on the trial record." Commonwealth v. Medeiros, 456 Mass. 52, 61 (2010), quoting Commonwealth v. Zinser, 446 Mass. 807, 811 (2006). As the Commonwealth concedes, the failure of trial counsel here to make sure the second offense language was redacted from the medical records was clear error and one that may be addressed on direct appeal because the error appears indisputably on the record.

Under the second prong of Saferian, 366 Mass. at 96, we review whether the defendant has met his burden to show there is "a serious doubt whether the result of the trial might have been different had the error not been made" (citation omitted). Commonwealth v. Millien, 474 Mass. 417, 432 (2016) ("where counsel was ineffective for failing to present an available ground of defense, that defense is 'substantial' for Saferian purposes where we have a serious doubt whether the jury verdict would have been the same had the defense been presented").

We have previously held that violations of G. L. c. 278, § 11A, materially contributed to a substantial risk of a miscarriage of justice requiring reversal. In Commonwealth v. Gonsalves, 74 Mass. App. Ct. 910, 910 (2009), the judge learned of the erroneous admission of the defendant's prior OUI

5

convictions during jury deliberations after the jury sent a note to the judge asking about the prior offenses. Although the judge in Gonsalves gave a curative instruction, the jury returned a verdict of guilty five minutes later. Id. We reasoned in Gonsalves that "the fact that the jury focused on the information, and the timing of the verdict, le[ft] us unconvinced that no harm resulted." Id. See Commonwealth v. Williams, 19 Mass. App. Ct. 915, 916 (1984) (conviction on OUI second offense reversed after judge mistakenly advised jury of second offense allegation). Those concerns apply with at least as much force here, where the jury told the judge that the prior OUI was on their minds during the deliberation and there was no opportunity for a curative instruction.

We disagree with the Commonwealth's contention that the defendant was not unfairly prejudiced by the admission of the inadmissible OUI second offense evidence because the case against the defendant was strong. Although there was evidence of the defendant's intoxication, it did "not rise to the level of overwhelming evidence." Commonwealth v. Baez, 106 Mass. App. Ct. 219, 224 (2025) (running red light and stepping off line during "walk and turn" test, "[e]ven when combined with the traditional indices of intoxication -- slurred speech, odor of alcohol, admission to consuming three drinks earlier that night, and bloodshot eyes -- . . . left the defendant with a defendable

6

case"). The defendant here admitted to drinking a beer at lunch and a twenty-five-ounce can of beer at some other point, and the car accident took place around 4:15 P.M. Furthermore, there was no evidence of any failed field sobriety tests (FSTs). Contrast Commonwealth v. Moreno, 102 Mass. App. Ct. 321, 328-329 (2023) (concerns of unfair prejudice diminished where evidence of intoxication included defendant's bloodshot and glassy eyes, unsteady walking, three failed FSTs, and car accident); Commonwealth v. Gallagher, 91 Mass. App Ct. 385, 390-391 (2017) (improper evidence not prejudicial where defendant failed to follow instructions to park in designated parking space, admitted to consuming three beers shortly before stop, and failed to complete two out of three FSTs). We conclude the evidence of the defendant's guilt was not so strong that we are left "unconvinced that no harm resulted." Gonsalves, 74 Mass. App. Ct. at 910. Ultimately, as to both the OUI conviction and the negligent operation conviction, we are left with a "serious doubt whether the jury verdict[s] would have been the same" had proper redactions of the medical records been made.[3] Millien, 474 Mass. at 432.

---

[3] The defendant also argues that: (1) he was denied the right to counsel; (2) trial counsel's failure to object to the Commonwealth's eliciting the defendant's inculpatory statements amounted to ineffective assistance of counsel; (3) the judge erred in preventing his expert from explaining medical terminology contained in the medical records; and (4) the

Accordingly, we vacate the judgments, set aside the verdicts and the subsequent offense finding, and remand the case to the District Court for further proceedings consistent with this decision.[4]

Judgments vacated.

Verdicts and subsequent
 offense finding set aside.

By the Court (Singh, Grant &
 Tan, JJ.[5]),

Clerk

Entered:  March 13, 2026.

---

Commonwealth gave an improper closing argument.  In light of our disposition, we need not and do not address these arguments.

[4] Given there is no indication that the error here was due to intentional prosecutorial misconduct, there are no double jeopardy implications.  See Pierre v. Commonwealth, 489 Mass. 28, 33-35 (2022).

[5] The panelists are listed in order of seniority.